## NATHANIEL WEST *v.* GEORGE R. HOLMES.

*Wager. Money lost by wager, &c.*

Money lost upon a wager, does not come within the 12th section of chap. 110, Comp. Stat., as to money being lost at a " game or sport."

But all wagers are held illegal in this state; and the party making the wager, and depositing the money in the hands of a stake-holder, may, by demanding it back, at any time before it is paid over to the winner by his assent, entitle himself to recover the money.

If the money is paid over to the winner, by the consent, express or implied, of the loser, he cannot recover it back.

West v. Holmes.

If the stake-holder pays the money over to the winner, after the other party has demanded it of him, the stake-holder will be liable for the same, or the loser may pursue the money into the winner's hands, or into the hands of any other person to whom it comes.

ASSUMPSIT for money had and received.

Plea, the general issue, and trial by the court.

On the trial, the plaintiff read in evidence the statement of one Joseph Woolley, from which it appeared that the defendant, Geo. R. Holmes, of Stanstead, in Canada, came to said Woolley's house, at Derby Line, and enquired of said Woolley, if he got what he, Woolley had told him he did, for three horses that said Woolley had sold in Boston; that. Woolley told him that he did; that defendant then asked Woolley if there was any condition to the trade, and was told that there was none. That defendant then told Woolley, that he had made a bet with the plaintiff, or was about to make one. That said Woolley publicly stated in the village of Derby Line a number of times previous to this, that he received $500, for said horses; that the defendant stopped but a few moments at said Woolley's house, and that the stage was waiting for him, and he was going to Montreal.

The written statement of one N. T. Sheafe, was also read in evidence by the plaintiff, and was as follows; " On the 22d day of " June, 1852, Mr. Nathaniel West placed in my hands, as I sup- " posed at the time, twenty-five dollars, and Mr. George R. " Holmes the sum of fifty dollars, saying they had made a bet, " the terms of which I noted in writing at the time, as follows : " Holmes bet that Joseph Woolley did get five hundred dollars for " the two gray horses and the Defiance mare, (meaning the three " horses sold by said Woolley in Boston, a short time before,) and " West bet that he did not get $500 for them; Mr. Wool- " ley's oath to decide the matter. Some little time after Mr. " Woolley appeared before me, as notary public, and made oath " that he did get unconditionally, the sum of $500, for said " animals. I on the same day exhibited to said West the affida- " vit of said Woolley, and told him I supposed by the conditions " upon which the money was placed in my hands, it belonged to " Mr. Holmes. Mr. West desired me not to pay the money over " to Holmes without his being present, saying Holmes had bet un- " fairly, and he, West, wanted to demand the money back. I

" said to him, that Holmes was near by, to come with me and be " present. I then paid over the money to said Holmes, and West, " immediately demanded the same back of Holmes; Holmes de- " clined paying it back. The bet was made in the post-office at " Derby Line. It afterwards appeared that West had handed me " only $15, and at the time I paid the money over to Holmes, I " at the request of West added $10 of my own money, which " West has since repaid to me. I did not count the money at the " time West handed it to me, but laid it aside by itself; the " next day West asked me if he had not made a mistake, and up- " on counting the money I found that he had. West said he sup- " posed he had made a mistake, because he had $10 more in his " wallet than he ought to have."

It was admitted by the defendant, that this suit was brought within thirty days after the money was paid over by the said Sheafe to the defendant, as stated by said Sheafe.

The County Court, June Term, 1853,—POLAND, J., presiding, —found the facts as above set forth, and upon said facts, rendered judgment for the defendant.

Exceptions by plaintiff.

*J. L. Edwards* and *Peck & Colby* for plaintiff.

I. Contracts of wager are treated as invalid when they contravene any rule of public policy, or any prohibition of statute law. 2 Smith's Leading Cases 260.

The wager in question comes within the spirit, if not the letter of section 12 of chap. 110, of the Compiled Statutes, and is therefore void.

When a contract of wager is void, the money may be recovered of the stake-holder before paid over, if notice be given, although the stake-holder is not liable if he pay over the money before notice. The owner does not then lose his remedy, he may recover the whole sum from the winner. 2 Smith's Leading Cases 261. 3 Penn. R. 495.

The courts of New Hampshire, have held that a wager, on a subject in which the parties have no interest, is not a valid contract. 3 N. Hamp. 152. 6 N. Hamp. 104.

All wagers in the state of Maine are void. 15 Maine 233.

The court, in the case of *Collamer* v. *Day*, 2 Vt. 144, seem

to regard a wager, upon an indifferent matter even, as against sound policy.

A wager contrary to the principles of sound policy is void equally as if it contravened a positive law. 7 Johns. 434.

II. It sufficiently appears from Sheafe's statement, that West did not intend Holmes should have the money.

From Sheafe's statement, it cannot be said that the money was paid over to Holmes by West's approbation and consent.

Probably Sheafe and West both supposed, that Sheafe was bound to pay over the money by law, though against the approbation and consent of West.

The money is therefore recoverable back on general principles, and without the aid of the statute.

Sheafe had informed West, that he must pay over the money, and West might well suppose it would do no good to make a demand on Sheafe.

When one is assured that a demand will avail nothing, he is excused from making it.

The winner gets no title till the money has been paid over with the *unrevoked assent* of the loser. *Tarleton* v. *Baker*, 18 Vt. 9.

In this case, the plaintiff *did rescind* by giving notice to the stake-holder that he wished to recall the money, and by the demand which accompanied the payment.

*H. F. Prentiss* for defendant.

I. The plaintiff is not entitled to recover under the statute, because the money was not won at any game or sport, or on any horse race, nor is a wager of this kind an offense against the statute.

II. The doctrine of the law in matters of this kind is, that the courts will assist neither party; they will not assist the winner to recover of the loser, nor the loser to recover back of the winner, after he has voluntarily paid the wager. The rule is, *fieri non debet, sed factum valet*. *Howson* v. *Hancock*, 8 Term 575. *Vandyck et al.* v. *Hewitt*, 1 East. 98. *Mc Cullum* v. *Gourlay*, 8 Johns. 147. *Yates* v. *Foot*, 12 Johns. 1.

At common law where money is deposited in the hands of a stake-holder upon an illegal wager, it cannot be recovered back after the event be decided and the money is paid over; and upon

a legal wager it cannot be recovered back after the event is decided.

Cases above cited and Chitty on Contracts 193, and notes. *Tarleton* v. *Baker*, 18 Vt. 14.

It is a contract which, as long as it remains *executory*, may be rescinded; but after it is executed, the money cannot be recovered back. Like a debt of *honor*, which a party is not *legally* bound to pay, still if he pays it, he shall not recover back the money; and like the sale of spiritous liquors in violation of the provisions of the statute, the court will not enforce the claim, nor on the other hand will they relieve from the payment when it has been made. *Ball* v. *Gilbert*, 12 Metcalf 397.

In this case the wager was not in violation of the statute or common law; neither against public policy or good morals; and the money was paid into the hands of the defendant by the stakeholder, with the assent of the plaintiff.

Under these circumstances there is no *dictum* of law or ethics, which requires of the defendant to refund the money.

The opinion of the court was delivered by

REDFIELD, Ch. J. I. We could scarcely regard money lost upon a wager, as coming within the sec. 12 chapter 110 of the Compiled Statutes, as being lost at a "game or sport." We suppose this refers to gaming only, and that the word sport is added to game, so as to show that game was intended to be used in its utmost extension. Still we think it was only intended to include money lost at some game or play, either of skill or chance. This is the view taken of the penal portion of the statute in *Collamer* v. *Day*, 2 Vt. 144, and we do not well see how any other construction can fairly be put upon the remedial portion of the statute.

II. In this state all wagers are held illegal. *Collamer* v. *Day*. And the law, in regard to such wagers, is very well settled. The counsel do not differ essentially in regard to it. The party making such a wager, and depositing the wager in the hands of a stake-holder, may, by demanding it back, at any time before it is paid over to the winner, by his express or implied assent, entitle himself to recover the money or other thing. *Tarleton* v. *Baker*, 18 Vt. 9, and cases cited by ROYCE, Ch. J.

Applying this rule to the present case, it seems to us that this money was paid over to defendant, by the stake-holder, by the consent of the plaintiff. It was done in his presence, without any objection, and when he knew that the parties were together for the express purpose of paying over the money.

It is true plaintiff did not intend to lose his right to recover the money, or to have defendant keep it, or suppose he was to keep it, but still he must have intended to have the money paid over to defendant, and then immediately to demand it of him, supposing doubtless, that this would be sufficient to enable him to recover it of defendant. But his misapprehension in regard to the law, makes no difference, in regard to the plaintiff's rights. Having consented to have the money paid over, it makes no difference whether he demanded it in one minute, or one day, or thirty, as it seems to us. The consent to its being paid to defendant gives him the right to retain it, as the court will not interfere, after the illegal wager is consummated.

If plaintiff had demanded the money of the stake-holder, and he had subsequently paid it over to defendant, he would still be liable to an action at the plaintiff's suit, or the plaintiff might, if he so elected, pursue the money into defendant's hands, or those of any other, to whom it comes. But upon the proof, in the present case, it would certainly be undesirable to say, the plaintiff might sue the stake-holder, for paying over the money against the consent of the plaintiff.

Judgment affirmed.