Nov. Term,
1859.

Worthing-
ton
v.
Black.

Worthington and Another *v.* Black.

A wager upon the result of an election being illegal, the Courts will not aid the winner in recovering it in an action against the stakeholder.

Wednesday,
December 7.

APPEAL from the *Fountain* Court of Common Pleas.

Davison, J.—The appellants, who were the plaintiffs, brought an action against *Black*, to recover a certain amount of money deposited with him as a stakeholder upon a wager on the result of an election for Congress in the eighth congressional district in *Indiana.* The issues were tried by the Court, and found for the plaintiffs; and the Court, having refused a new trial, rendered judgment, &c.

The facts were these: The plaintiffs, on the 4th of *July*, 1856, deposited with the defendant, as a stakeholder, 100 dollars, as a wager on the result of an election for Congress in said district, at which election *James Wilson* and *Daniel W. Voorhees* were the opposing candidates, against 100 dollars then deposited with defendant, as such stakeholder, by one *Joseph Ogden.* The plaintiffs and *Ogden* directed the defendant, if *Wilson* was elected, to pay the entire amount, 200 dollars, to the plaintiffs, but in case *Voorhees* was elected, he, defendant, was directed to pay the same to *Ogden.* After the election had occurred, and, as the result, it had become known that *Wilson* had been elected, *Ogden* told the defendant not to pay over the money which he, *Ogden*, had deposited, until he "saw whether the bet had been fairly won, or until he had seen whether the election had been contested."

The money deposited by the defendant has not been paid over, though the election has never been contested. The evidence shows that *Ogden* directed the defendant to pay over to the plaintiffs the money deposited by them, which he accordingly did; so that the present suit is for the recovery of that deposited by *Ogden*, which the defendant still retains in his possession.

It has been often decided that wagers upon the result of

an election are against the principles of sound policy, and consequently illegal; and being thus illegal, Courts will not aid the winner in the recovery of the wager from the loser, nor will they, if the loser has voluntarily paid the wager, entertain an action in his favor to compel the winner to repay it. Either party, even the loser, may recover the amount he has deposited, whether the wager or event has been decided or not, provided he demand the return of his stake before the money has been actually paid over, after the event, to the winner. *Bunn* v. *Riker*, 4 Johns. 426.—*Yeates* v. *Foot*, 12 *id.* 1.—*Frybarger* v. *Simpson*, 11 Ind. R. 59.— Chit. on Cont. 621, and authorities there cited.

These principles, when applied to the case before us, at once show that the plaintiffs are not entitled to recover, because they base their action upon a contract with a stakeholder, which was illegal and void, as being against public policy; and, as we have seen, Courts will not lend their aid to any one who founds his claim or cause of action upon such a contract. *De Groot* v. *Van Duzen*, 20 Wend. 393.—20 Verm. R. 189.—5 Dall. 299.—5 Ind. R. 353.

True, either party to the wager, while the money deposited by him remains in the hands of the stakeholder, may sue for and recover it; because the suit, in that case, would not be on the contract of wager, but would, in effect, be a disaffirmance of it. And the contract being so disaffirmed, the party may well maintain an action against the stakeholder, as for money had and received for his use. But here, the plaintiffs having received the amount which they deposited, sue, as winners, for that deposited by *Ogden*, and thus affirm the contract. Their suit, thus instituted, is founded upon an illegal contract, and cannot, therefore, be sustained.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*J. Ristine*, for the appellants.

*M. M. Milford*, for the appellee.