DOMINGO CARDOZE *vs.* GEORGE D. SWIFT.

No waiver by a defendant and no consent of parties can oblige a court to try a cause which, upon the plaintiff's own showing, is founded upon an illegality.

TORT. The declaration was as follows: " And the plaintiff says the defendant sold him a cow, for which the plaintiff paid him one hundred dollars, and to induce the plaintiff to buy said cow, the defendant falsely represented to the plaintiff that said cow was a good milker, was gentle and kind, and was gentle and

kind while being milked, and could be milked anywhere. And the plaintiff relying upon said representations was thereby induced to buy said cow ; and the plaintiff says said cow was not a good milker, nor gentle and kind, nor gentle and kind while being milked, but was unkind, and would kick while being milked, all of which the defendant well knew."

The answer was a denial of " each and every averment in the declaration made."

At the trial in the Superior Court, before *Bacon*, J., the plaintiff introduced evidence that the defendant practised the deceit declared upon ; and that the alleged sale and representations and the delivery under the sale were made upon Sunday. This the defendant denied, and introduced evidence that the sale was made upon a week day, some three or four days before the day con tended for by the plaintiff, and he denied any false representation or deceit.

Both counsel argued the case to the jury upon the issues involved, the plaintiff contending that the transaction took place on Sunday, and the defendant denying it. At the close of the plaintiff's argument, the defendant asked the court to instruct the jury that if the plaintiff's case disclosed the fact that the transaction took place on Sunday, the action could not be maintained. The plaintiff objected to the instruction requested, on the ground that the defence was not open to the defendant at this stage of the case upon the answer, and because as a matter of law it did not constitute a defence.

The court gave the instruction requested ; the jury returned a verdict for the defendant ; and the plaintiff alleged exceptions.

*E. L. Barney & H. M. Knowlton*, for the plaintiff.

*T. M. Stetson*, for the defendant.

GRAY, C. J.  If the contract of sale was made and completed on the Lord's day, it was unlawful, and neither party was entitled to sue the other, either on the contract itself, or for any deceit practised in procuring it.  *Robeson* v. *French*, 12 Met. 24.  *Hall* v. *Corcoran*, 107 Mass. 251, 253.  *Cranson* v. *Goss*, Ib. 439. The only question in this case is of the effect of the defendant's omission to specify the illegality in his answer.

In *Jones* v. *Andover*, 10 Allen, 18, where the plaintiff alleged that, while travelling, using due care, on a highway which the defendants were bound to keep in repair, he sustained injury from a defect therein, it was held that under an answer which merely denied all his allegations it might be shown that he was travelling in violation of the Lord's Day Act. We need not consider how far the reasons of that decision apply to this action of tort for deceit, but may assume, as most favorable to the plaintiff, that his case stands like an action on a contract.

In such an action, a defendant, who has not pleaded illegality in the contract sued on, has no right to offer evidence of such illegality, or even to avail himself of it when disclosed in the plaintiff's testimony, if the court does not refuse to entertain the case. *Granger* v. *Ilsley*, 2 Gray, 521. *Bradford* v. *Tinkham*, 6 Gray, 494. *Libby* v. *Downey*, 5 Allen, 299. *Goss* v. *Austin*, 11 Allen, 525. But no waiver by the defendant, or consent of parties, can oblige a court of justice to try or enforce a claim which upon the plaintiff's own showing has no foundation in law. The plaintiff has therefore no ground of exception to the instruction given to the jury. *Exceptions overruled.*