### ROBERT LOVE *vs.* JOHN HARVEY.

All wagers are unlawful in this Commonwealth.

One party to a wager who receives the money of the other from the stakeholder after he has been forbidden to receive it, and after the stakeholder has been forbidden to pay it, is liable to that other in an action for money had and received, although he is the winner of the wager, and although the money received by him is not the identical money deposited with the stakeholder.

CONTRACT. The declaration alleged that the plaintiff and the defendant made a bet as to the place of burial in Holyhood Cemetery of the body of one Dr. Cahill, the plaintiff betting that it was buried on the left hand side of the main avenue, and the defendant betting that it was buried on the right hand side of that avenue, and that the money was deposited, twenty dollars

by each party, in the hands of one James Stack as stakeholder ; that on investigation it was determined that the body was buried on the left hand side of the avenue, yet the stakeholder delivered to the defendant the plaintiff's twenty dollars, and the defendant, though requested, refused to repay the same to the plaintiff. The declaration contained another count for money had and received by the defendant to the plaintiff's use. The answer was a general denial.

At the trial in the Superior Court, before *Pitman*, J., it appeared that the plaintiff offered to wager twenty dollars with the defendant that the grave of one Dr. Cahill, who died some years before, was in Holyhood Cemetery, near Boston, lying to the right of the main avenue as it ran from the public highway through the cemetery to the chapel, providing that the defendant would wager a like sum with him that the burial-place was to the left of the avenue ; that the defendant accepted the offer of the plaintiff ; that the plaintiff and the defendant chose a person to act as stakeholder; that each placed $20 in his hands; that it was agreed that the stakeholder should accompany the parties to the cemetery the next morning ; that they all went to the cemetery the next day ; that there the plaintiff and the defendant, on viewing the burial-place, each claimed he had won the amount wagered, and each demanded from the stakeholder the whole sum deposited with him ; that the stakeholder, in presence of both parties, delivered the sum of forty dollars, the amount deposited with him by both, to the defendant; that at the time the defendant received the money, the plaintiff forbade the stakeholder's paying it to him, and told the defendant that he should take proceedings to get it. It did not appear that the defendant received from the stakeholder the identical money deposited with him.

The defendant offered evidence to show that he had won the wager. But the presiding judge excluded it, and ruled and insuructed the jury that courts did not sit to decide wagers ; that it did not matter whether the plaintiff was right or not, regarding the situation of the burial-place in question, or whether the defendant received from the stakeholder the same money that was deposited with him by the plaintiff, if the money was paid

and received as money of the plaintiff ; that if, before the money was paid over to the defendant, the plaintiff forbade payment thereof in the defendant's presence, then the defendant received it without consideration and wrongfully, and was liable in the action for money had and received.

A verdict was rendered for the plaintiff for twenty dollars and interest from the date of the writ, and the defendant alleged exceptions.

*C. F. Donnelly*, for the defendant.

*R. Morris*, for the plaintiff.

GRAY, C. J. In England and in New York, actions on wagers upon questions in which the parties had no previous interest were frequently sustained, until the Legislature interposed and declared all wagers to be void. 1 Chit. Con. (11th Am. ed.) 735–738. 3 Kent Com. 277, 278. In Scotland, the courts refused to entertain such actions. *Bruce* v. *Ross*, 3 Paton, 107, 112 ; *S. C.* cited 3 T. R. 697, 705.

In Massachusetts, the English law on this subject has never been adopted, used or approved, and, although the question has not been directly adjudged, it has long been understood that all wagers are unlawful. Const. Mass. *c.* 6, art. 6. *Amory* v. *Gilman*, 2 Mass. 1, 6. *Ball* v. *Gilbert*, 12 Met. 397, 399. *Sampson* v. *Shaw*, 101 Mass. 145, 150. Met. Con. 239. There are decisions or opinions to the same effect in each of the New England States. *Lewis* v. *Littlefield*, 15 Maine, 233. *Perkins* v. *Eaton*, 3 N. H. 152. *Hoit* v. *Hodge*, 6 N. H. 104. *Collamer* v. *Day*, 2 Vt. 144. *West* v. *Holmes*, 26 Vt. 530. *Stoddard* v. *Martin*, 1 R. I. 1, 2. *Wheeler* v. *Spencer*, 15 Conn. 28, 30. See also *Edgell* v. *M'Laughlin*, 6 Whart. 176 ; *Rice* v. *Gist*, 1 Strob. 82.

It is inconsistent alike with the policy of our laws, and with the performance of the duties for which courts of justice are established, that judges and juries should be occupied in answering every frivolous question upon which idle or foolish persons may choose to lay a wager.

The ruling at the trial was therefore correct, and the defendant, having received the money from the stakeholder after notice

from the plaintiff not to pay it over, was liable to the plaintiff under the count for money had and received. *McKee* v. *Manice,* **11 Cush. 357.** *Exceptions overruled.*