ALVIN FISHER *vs.* ASA HILDRETH.

Middlesex.    March 24. — May 8, 1875.    AMES & DEVENS, JJ. absent.

A wager upon the event of a presidential election is illegal and void.

If a party to an illegal wager forbids a stakeholder to pay over money deposited with him, and the stakeholder afterwards pays over the money to the other party to the wager, an action for money had and received will lie against the stakeholder; and it is immaterial that the reason for forbidding the paying over the money was that a question arose whether the wager was put an end to by the death of the subject thereof.

CONTRACT for money had and received. Trial in the Superior Court, before *Aldrich*, J., who allowed a bill of exceptions in substance as follows :

The plaintiff in July, 1872, put $325 into the hands of the defendant, as stakeholder, upon a bet made with Henry A. Hil

dreth, who put into the defendant's hands a like sum, upon the result of the then pending presidential election. The bet was that if Horace Greeley was elected president, the plaintiff was to have the whole of the money thus deposited with the defendant ; if not elected, H. A. Hildreth was to have the whole. Mr. Greeley died after the election, and after that the plaintiff ordered the defendant not to pay over the money. The defendant's evidence tended to show that the plaintiff made this order on the ground that, on account of the death of Mr. Greeley, the bet was off, and that he wanted the defendant to wait before paying over the money till the question was decided by certain sporting men as to whether bets on the result of the presidential election were or not off by the death of Mr. Greeley. The plaintiff, upon being asked upon what ground he claimed to recover the money, stated that he claimed to recover it on the ground that by the death of Mr. Greeley the bet was off.

The plaintiff testified that he directed the defendant not to pay over his money to Henry A. without his (the plaintiff's) consent, and the defendant testified that " the plaintiff always told me not to deliver up the money to Henry A." ; and that he, the defendant, upon consultation with said Henry A., took the responsibility of paying the money to said Henry A. without the plaintiff's knowledge, and that he did not inform him, till some two or three weeks afterwards, that he had paid over the money, and that the reason he then gave for paying the money was that the " Spirit of the Times " said the money was Henry A.'s, that is, that the death of Greeley did not let off the bets on Greeley's election. The defendant further testified, " I expected to be sued by one or the other of the parties, and I preferred to be sued by the plaintiff rather than by Henry A., my nephew." There was some evidence introduced tending to show that the parties to the bet agreed or proposed at one time to abide by the decision of " sporting men " as to whether the said Henry A. was entitled to the money after the death of Mr. Greeley. The defendant paid over the whole money to H. A. Hildreth on March 1, 1873. On May 7, 1873, the plaintiff's attorney demanded the money of the defendant. No demand had been made for the money before.

Upon this state of facts, the defendant asked the judge to rule as follows:  1. That if the plaintiff ordered or requested the defendant to hold on to or not to pay over the money, this was not a rescission of the bet or a demand of the money. · 2. That if he did this for the purpose of having it determined whether he, the plaintiff, had lost the money, this is not a rescission of the bet.  3. That the plaintiff must demand the money before he can recover.   4. That the defendant ·had the right to pay over the money unless it had been demanded of him by the plaintiff or there had been a rescission of the bet.   5. That it makes no difference in this case whether the defendant paid over the money rightly or wrongly, so far as the rightful determination of the bet is concerned.   6. If the plaintiff paid over the money before there had been a rescission of the bet or a demand of the money, a demand by the plaintiff's attorney on May 7 is of no effect.

The judge declined to give these instructions, but instructed the jury that a wager upon the result, either of a state or national election, is an illegal contract and utterly void, and that an action upon such a contract cannot be maintained by the winning party against the losing party ; but that if the money has been paid over to the winning party by the consent of the losing party, the latter cannot maintain an action against the former to recover the wager back ; that if the money was, as in the present case, deposited with a stakeholder, either party ·may forbid his paying over his money to the other party, and after proper proofs may maintain an action against the stakeholder to recover the money so deposited with him ; and that the action may be maintained against the stakeholder, even after he has paid the money to the winner, if he has paid it over after his authority to do so had been revoked, or after he had been directed by the loser not to pay it over.   In this connection the judge read to the jury from the opinion in *Ball* v. *Gilbert*, 12 Met. 397, beginning with the last line on page 399, and reading to and including the first two lines on page 402.   The judge then said to the jury, " As there is no dispute in this case as to the amount of money deposited, as to the person with whom, or the terms upon which the deposit was made, the only question of fact for the jury to pass upon is as to whether the defendant

paid over to Henry A. Hildreth the $325, with or without the consent and permission of the plaintiff; that the fact, if it was a fact, that the parties had agreed to submit to the determination of sporting men the question of Henry A. Hildreth's right to the money, would not legalize the wager or make it any the less illegal or void; but that the jury should consider this evidence, in connection with the other evidence in the case, as bearing upon the question whether the money was or was not paid over by the defendant to the said Henry A. with the consent and permission of the plaintiff; that if, upon all the evidence, the jury should find the money was paid with the consent or permission of the plaintiff, it would be their duty to return a verdict for the defendant; but if they should upon the evidence find that the money was paid over without the consent or permission of the plaintiff, and after the plaintiff had directed him not to pay it over, they should return a verdict for the plaintiff."

As to the necessity of a demand before suit brought, the judge instructed the jury that if they should find the money was paid over to Henry A. Hildreth without the consent or permission of the plaintiff, and the defendant had thus placed it beyond his power to return the plaintiff's money, if any demand was necessary, the demand, made by the plaintiff's attorney upon the defendant for the money of the plaintiff, about which there was no dispute, would be a sufficient demand. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. H. Sweetser & J. F. McEvoy*, for the defendant. 1. The defendant contends he paid the money to Henry A. Hildreth according to the terms of the contract between the plaintiff and said Henry A. Hildreth, before the plaintiff had abandoned the contract, and rescinded it, and before the plaintiff had demanded of the defendant the money. The contract, under which the money was put into the hands of the defendant, as stakeholder, was illegal and void. No action could be maintained by any party to enforce the contract, nor to recover back the money while the contract remained in force. If, as the defendant contended, the plaintiff, before the defendant paid the money over, called upon him and requested him not to pay over the money upon the facts that had occurred, until those facts had been placed before certain men of experience to determine what had been the

result of those facts, then, by such a request, the plaintiff did not depart from or rescind the contract upon which the money had been placed in the defendant's hands; he did not ask to have the money restored to him, nor intimate that he desired that the money should be restored to him; but he still remained standing on the contract, adhering to it, and desiring to have the money disposed of according to it. The most that can be inferred from the request which we say he made the defendant, looking towards a rescission of the contract, is, that he desired to get a decision as to the result of the facts, which would give him back his money without the popular shame of repudiating his debt.

2. The contract not having been rescinded, the defendant had a right to pay over the money. And a demand made after such payment would give the plaintiff no right to maintain this action. In order to recover the money, the plaintiff must seek it of the stakeholder, rescind the contract upon which he placed it in his hands, and demand it back before the stakeholder had paid it over; and it is only by doing this that the court will regard him as coming before them with sufficiently clean hands to enable him to maintain his action.

*D. S. Richardson & C. F. Howe*, for the plaintiff.

COLT, J. Under the instructions here given, the jury must have found that the money deposited upon an election bet with the defendant as stakeholder, had been paid over to the supposed winner without the consent or permission of the plaintiff, and after the defendant had been directed by the plaintiff not to pay it over. There was evidence sufficient to justify this finding, and it is enough to support the verdict.

A stakeholder is a mere depositary for both parties of the money advanced by them respectively with a naked authority to deliver it over upon the proposed contingency. He is not regarded as a party to the illegal contract. Upon the revocation of the authority the money remains in his hands as a naked deposit to the use of the parties depositing it. He cannot avoid his responsibility to the loser by afterwards paying the whole of it to the winner. *Ball* v. *Gilbert*, 12 Met. 397. In *McKee* v. *Manice*, 11 Cush. 357, it was held that after such revocation, if the winner takes the money with knowledge of the fact, the other party may recover it back from him in an action for money had

and received.    While if the money has been paid over with the consent of the loser it cannot afterwards be recovered, because the contract is then executed, and the parties are in *pari delicto.* So long as it remains executory it is clearly revocable.

In view of the law laid down in these cases, the instructions asked for were properly refused.    It cannot be ruled as matter of law that revocation of the authority to pay the winner is not a rescission of the bet.    It is so practically, and if once revoked the purpose with which it is done is immaterial.    The instructions given were sufficient for the case, and rendered the fourth, fifth and sixth instructions asked unnecessary.

*Exceptions overruled.*