## Elihu R. Morgan *vs.* D. B. Beaumont.

Franklin. September 19. — 21, 1876. COLT & MORTON, JJ., absent.

A party to an illegal wager, who demands his money from a stakeholder before it is paid over, is not *in pari delicto*, and can recover his deposit from him; and the fact that the defendant knew of and promoted the wager affords him no protection.

In an action by a party to an illegal wager on a horse race, to recover back money deposited with a stakeholder, the defendant alleged in his answer that, in order to have the race to decide the wager, it was necessary to incur expenses for the use of the race-ground, and other expenses for which the defendant was liable; that he paid a portion of the money received from entrance fees to the race-ground to the plaintiff to pay a part of such expenses, and claimed to recoup this money and the money in his hands from the wager. He also filed a declaration in set-off for the money paid to the plaintiff. *Held*, that neither the answer in recoupment nor the declaration in set-off could be sustained.

CONTRACT for money had and received. The answer set up that the money was handed to the defendant to hold as stake-holder, on a wager as to the result of a horse race, and was to be paid to the winner; that both the plaintiff and the defendant knew that the wager was illegal, and aided and abetted in the race. The answer also alleged that, in order to have the race to decide the wager, certain expenses were incurred for the use of the race-ground and for other expenses, for which the defendant was liable; and that, on the day of the race, one hundred and fourteen dollars were collected as entrance fees, one fourth of which belonged to the defendant, and that said one fourth was

paid to the plaintiff to pay such expenses, but the plaintiff did not pay them; and the defendant claimed to recoup so much of the money in his hands as stakeholder as should indemnify him for such expenses, together with what was required to pay the expenses, from the money in the plaintiff's hands. The defendant also filed a declaration in set-off for the money in the plaintiff's hands. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, on an agreed statement of facts in substance as follows:

The defendant, prior to May 22, 1875, received of the plaintiff the sum of one hundred dollars, as a stakeholder on a wager between the plaintiff and one Woodward, upon the result of a horse race which actually took place on May 22, 1875. This money was to be paid to the winner of the bet, after the race. After the race, while the money was still in the hands of the defendant, the plaintiff, claiming that the race was not fairly had, and that the decision of the judges of the race was not fairly made, forbade the defendant paying the money to Woodward, and requested the defendant to pay the same to him, which the defendant refused to do. Afterwards, the money still remaining in the defendant's hands, the plaintiff commenced this action. The defendant well knew of the wager, and knew that the deposit of money was made in aid of illegal trotting and horse racing; and, at the time of the racing, both the plaintiff and defendant were present, encouraging it.

The plaintiff received a certain amount of money as entrance fees at the race, and the expenses mentioned in the defendant's answer were to be paid therefrom, and the balance to four persons. If there should be any balance after the payment of such expenses, and the same, or any part thereof, could be legally set off in this action, an assessor was to be appointed to ascertain the balance of the defendant's share thereof, and the same was to be allowed him.

*H. Winn*, for the defendant.

*S. T. Field*, for the plaintiff, was not called upon.

GRAY, C. J.   The wager was illegal, the winner had no right to the money, the stakeholder was a mere depositary, and the plaintiff, having demanded the money before it was paid over, was not *in pari delicto*, and was entitled to recover his deposit

from the stakeholder, whether it was still in his hands, or had been paid by him to the winner after notice from the plaintiff not to do so. The fact, insisted upon at the argument, that the defendant knew of and promoted the illegal wager, affords him no protection. *White* v. *Franklin Bank*, 22 Pick. 181, 189. *McKee* v. *Manice*, 11 Cush. 357. *Love* v. *Harvey*, 114 Mass. 80. *Fisher* v. *Hildreth*, 117 Mass. 558.

The agreement as to the collection of entrance fees and the payment of expenses at the horse race, upon which the wager was laid, was wholly distinct from the wager, and cannot therefore be set up by way of recoupment in this action; and, being itself illegal, (Gen. Sts. *c.* 167, § 9,) will not sustain the defendant's declaration in set-off.

*Judgment for the plaintiff affirmed.*