WILLIAM PATTERSON *vs.* WILLIAM G. CLARK.

Suffolk. March 4. — May 12, 1879. MORTON & ENDICOTT, JJ., absent.

If the parties to an illegal wager deposit money with a stakeholder, and, after the wager is decided against one of the parties, he contends that he is the winner, demands the whole of the deposit, and forbids its payment to the other party, but does not demand the return of his half of the deposit, he cannot maintain an action for such half against the other party, after the stakeholder has paid the whole deposit to the winner, although the latter received it with knowledge that the plaintiff had forbidden its payment to him.

CONTRACT for money had and received. Answer, a general denial. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts in substance as follows:

In November 1876, a wager upon the result of the then ensuing presidential election was proposed between the plaintiff and the defendant, and each thereupon deposited with one Maloney, as stakeholder, the sum of $50, the whole to be paid by Maloney to the winner according to the terms of the wager, as he determined it. Maloney, before the decision of the Electoral Commission, proposed to the plaintiff that the latter should withdraw his one

half of the deposit, but the plaintiff declined to do this, and re-quested Maloney to await the decision of the Commission. In March following, after the decision of the Commission, Maloney having told the plaintiff that he should pay the $100 deposited with him to the defendant as winner, the plaintiff objected to the money being so paid, contended that he was himself the win-ner, and demanded the payment of the $100 to himself as such winner, but this demand Maloney refused to comply with. The plaintiff, before bringing this action, never demanded the return to him of his half of the deposit, but forbade Maloney to pay the whole of the money to the defendant as winner. After the above conversation, Maloney paid over the $100 to the defend-ant, as winner of the wager, the date of such payment being March 5, 1877. The defendant, at the time of receiving the money, knew that the plaintiff had forbidden its payment to him. If, upon the above facts, the plaintiff was entitled to recover, judgment was to be entered for him in the sum of $50 and interest; otherwise, judgment for the defendant.

W. W. Dodge, for the plaintiff, cited Love v. Harvey, 114 Mass. 80; Fisher v. Hildreth, 117 Mass. 558.

W. E. L. Dillaway, for the defendant.

LORD, J. There is no doubt that the plaintiff had the right, at any time before the stakeholder had parted with the money, to revoke the wager, and demand the fifty dollars which he had illegally deposited with him. Upon the agreed statement of facts, it is certain that he never revoked his authority to pay the whole one hundred dollars to the winner. On the other hand, he contended that he was entitled himself to the whole one hundred dollars as winner. He contended throughout that the stakeholder, whom he had made his judge in the illegal transaction, should decide in his favor. Until the money was actually paid over, instead of revoking the authority of the stakeholder, he was invoking that authority to carry out the illegal transaction in such mode as would give him the entire benefit of the wager. It was not until after the transaction was fully completed, and while he was in pari delicto, that he made any attempt to rescind the wager or revoke the authority of the stakeholder to pay the money to the winner, as the stakeholder determined it. It was then too late.

The position of the plaintiff, that " the authority given by the plaintiff for the consummation of the illegal act was dependent upon a contingency, without consideration, and revocable, and was revoked before payment, according to the terms of the illegal contract," if tenable, would require of this court, as a court of appeal, to determine whether the stakeholder had properly exercised his judicial discretion in carrying into effect the illegal contract. It is necessary only to state the question thus presented for our decision to demonstrate the impossibility of interference by the court. The law has been too long and too well settled in this Commonwealth to require a citation of the numerous authorities, all uniform, that the court will not render its assistance to disturb executed transactions done in violation of law, the parties to which are *in pari delicto.*

*Judgment affirmed.*