### JOSEPH MILLER *vs.* ELI LE PIERE.

Hampden. Sept. 25. — Oct. 20, 1883. FIELD & W. ALLEN, JJ., absent.

B. and C. each claimed to have won a cow in a raffle held by A., who decided in B.'s favor. C. took the cow from A.'s premises without his consent, and removed her to his own. A. gave an instrument in writing to B., stating that he delivered the cow to him; and then demanded the cow of C., on the ground that he wanted her to deliver to B. *Held,* that A. could maintain replevin against C. for the cow.

REPLEVIN of a cow. Writ dated October 23, 1882. Trial in the Superior Court, without a jury, before *Barker,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff, who owned the cow in question on October 21, 1882, raffled her, a number of persons participating, each paying fifty cents for a chance. The defendant and John Joubar claimed to be the winner. The plaintiff decided in favor of · Joubar. On the following day, while the cow was in the plaintiff's pasture, the defendant, without leave of the plaintiff, entered the pasture, took away the cow, and removed her to his own premises. On October 23, the plaintiff signed a certain instrument, which was not produced in evidence, but which

Joubar testified was in the following words: " I hereby deliver to John Joubar one cow, formerly owned by me, and I release all claim I have or have had on said cow." On the same day, and before the replevin writ was served, the plaintiff and Joubar went to the defendant, and the plaintiff demanded the cow, in a conversation in which Joubar testified that the plaintiff said to the defendant that " he wanted the cow to deliver to Joubar." At the same time the said instrument was shown to the defendant.

It was admitted that no consideration passed between the parties save that involved in the lottery transaction; that the instrument in favor of Joubar was in furtherance of the decision of the plaintiff that Joubar was the winning party in said raffle. It further appeared that Joubar paid the price of his ticket when the above instrument was signed by Miller, and that after the cow was returned to the plaintiff he delivered it to Joubar as his.

Upon the above facts, the judge ruled that, after the delivery of said instrument to Joubar, and the presentation of it to the defendant at the meeting of the parties above referred to, the plaintiff had so parted with his property in the cow that he could not maintain the action; and found for the defendant.

The plaintiff alleged exceptions.

*H. C. Bliss*, for the plaintiff.

*J. B. Carroll*, for the defendant.

DEVENS, J. The plaintiff had made an instrument in writing stating that he delivered to John Joubar one cow formerly owned by him, and that he released all claim upon her. He afterwards went to the defendant, before bringing this writ of replevin, and demanded the cow, stating that he wanted her to deliver to Joubar. Upon these facts, the court ruled that he had so far parted with his property that he could not maintain this action.

The transaction with Joubar cannot be treated otherwise than as an attempted gift. Joubar had purchased a ticket in a raffle from the plaintiff, and had, as the plaintiff thought, won the cow in the raffle, and he therefore desired to put him in possession of her. The plaintiff and Joubar did not stand in the relation of vendor and vendee, and the purchase of a ticket in the plaintiff's

raffle, which was a gaming transaction, did not afford any consideration for a sale or a contract of sale. The plaintiff was not under a legal obligation to transfer the cow to Joubar, although, if the transaction had been executed by actual delivery, it would not have been disturbed in favor of a party *in pari delicto*. *Patterson* v. *Clark*, 126 Mass. 531.

Joubar's only right, in the aspect most favorable to the existence of a' legal title in him, was that of a donee; and, unless the gift to him was fully perfected, the plaintiff still had a title when he demanded the cow and brought the action. Without delivery of the subject of a gift, the title therein does not pass. If the attempted transfer by delivery of possession does not take effect, it is then not properly a gift. 2 Bl. Com. 441. The delivery must be actual, so far as the subject is capable of delivery, and made to the donee, or some other person for him, with his consent and for his use. This is the rule in equity, as well as at law. *Grover* v. *Grover*, 24 Pick. 261. *Sessions* v. *Moseley*, 4 Cush. 87. *Carpenter* v. *Dodge*, 20 Vt. 595. Undoubtedly the delivery may be constructive or symbolical, if the goods are so situated that the possession of, and dominion over, them may thus be completely parted with, and transferred, by the donor. But until such delivery is made, the gift is revocable and incomplete, and the property is still in him who originally owned it. In the case at bar, when the plaintiff handed the paper to Joubar stating that he delivered to him the cow, he had himself no possession of the property, nor could he then exercise any dominion over it. It was in the actual possession of one who held it, not as his servant or his bailee, but against him and in denial of his right. There can be no delivery of possession by one who himself has none. The transaction with Joubar did not operate, therefore, to pass the property of the plaintiff, and thus to prevent him from maintaining this action.

*Exceptions sustained.*