## STEPHEN F. JONES *vs.* MICHAEL CAVANAUGH.

Suffolk. January 11, 1889. — May 9, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Gaming — Bet upon Foot-race — Recovery by Loser — Demand.*

A bet upon a foot-race between two is gaming, within the meaning of the Pub. Sts. c. 99, § 1, providing an action for the recovery back of money lost at gaming; a person bringing such an action to recover such a bet must show that he bet his money on the race, that he lost the bet, and that the defendant, acting by himself or an agent, was the winner.

If neither of the contestants wins the race, which is declared off, and the money remains in the hands of a stakeholder, no action can be maintained for its recovery from him without a previous demand.

CONTRACT to recover money paid to a pool-seller for the purchase of pools on a foot-race. Writ dated January 26, 1887. Trial in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff offered evidence, which was contradicted, tending to show that the defendant, on November 22, 1886, was a pool-seller at North Attleborough, at the race-course, where a foot-race was to take place between one Little and one Donlon; that the pools were sold at auction by the defendant, and that the plaintiff purchased of him ten pools for seven hundred and thirty dollars, which amount he paid to the defendant's clerk, who at the defendant's request kept the record of the pools sold, and received from him ten pool tickets; that the defendant's commission on the sales as pool-seller was five per cent; and that the pools purchased by him were on Donlon, to win against Little. The plaintiff contended and introduced evidence tending to show that the race was declared off by the referee; while the defendant contended and introduced evidence tending to show that the race was won by Little, and was so declared by the referee. No part of the money was paid back, and no demand was ever made upon the defendant.

The judge refused various requests by the plaintiff for instructions, and instructed the jury that betting upon a foot-race between two persons was gaming, within the meaning of the

Pub. Sts. c. 99, § 1; that in order for the plaintiff to recover under that section he must show that he bet his money upon the race; that he lost his bet; and that the defendant, acting by himself or his agents, was the winner; and further, that, in order to recover outside of the statute, the plaintiff must make a demand before bringing his suit.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. H. Mather*, for the plaintiff.

*O. A. Galvin & J. F. Cronan*, for the defendant.

KNOWLTON, J.    The court rightly instructed the jury, " that betting upon a foot-race between two persons was gaming, within the meaning of the Pub. Sts. c. 99, § 1; that in order for the plaintiff to recover under that section he must show that he bet his money upon the race, that he lost his bet, and that the defendant, acting by himself or his agents, was the winner." *Grase* v. *M'Elroy*, 1 Allen, 563. *Scollans* v. *Flynn*, 120 Mass. 271, 273. *McGrath* v. *Kennedy*, 15 R. I. 209.

The only remaining question in the case is whether the ruling "that, in order to recover outside of the statute, the plaintiff must make a demand before bringing his suit," was correct The evidence to which the ruling applied presented two aspects.    One was shown by the defendant's evidence that the race had been won by Little, and that the referee had so decided.    The other appeared in the testimony of the plaintiff's witnesses that the race had been declared off by the referee.

As we understand the transactions, each pool was made of a sum of money risked by the plaintiff upon one of the contestants in the race, and of a sum risked by another person upon the other contestant, and the whole was received by the defendant as a stakeholder, to be paid, less a commission of five per cent, to the person whose money was risked upon the winner.    The bill of exceptions does not state more particularly the details of their arrangement, but it is quite clear that, if Little had properly been adjudged to be the winner of the race, and if the defendant had paid over the amounts of the several pools to the persons who had risked their money on Little, there having been no revocation of his authority so to do, the plaintiff would have been without remedy against the defendant.    *Fisher* v. *Hildreth*,

117 Mass. 558. *Patterson* v. *Clark*, 126 Mass. 531. If Little won the race, it is not contended that the plaintiff, before bringing the action, did anything to revoke the defendant's authority, or to render him liable to a suit.

If, on the other hand, neither of the contestants gained a victory, and the race was declared off, the defendant's authority to pay over the money in accordance with the original agreement terminated, and he was left with money in his hands to which the purchasers of the pools were entitled. Was he liable to be sued for it without a demand? That depends upon the nature of his undertaking. If he was a mere ordinary stakeholder, who agreed to hold money of betters and pay it over to the winner, it is clear that, when his right to pay under their agreement ceased, he was under no obligation to do an act of a different kind, and to seek out the original parties and return them their money. It was enough if he safely kept the money until it was called for. *McKee* v. *Manice*, 11 Cush. 357. *Fisher* v. *Hildreth*, 117 Mass. 558. *Morgan* v. *Beaumont*, 121 Mass. 7. *West* v. *Holmes*, 26 Vt. 530. *McGrath* v. *Kennedy*, 15 R. I. 209.

An agent who has his principal's money without instructions as to what to do with it, is not liable to a suit for it until it is demanded. But if the money paid to a pool-seller for pools is to be regarded as his own, received as the consideration of a contract afterward to pay over a stipulated sum to the winner in the pool, and if he is unable to perform his contract on account of the absence of the conditions in reference to which the contract was made, he has in his hands money received from others as the consideration of a contract whose consideration upon the other side has failed, and it then becomes his duty to return the money immediately, and he is liable to a suit for it without a demand. He is then in the position of one owing a debt which has become payable. *Lawrence* v. *Carter*, 16 Pick. 12. *Dill* v. *Wareham*, 7 Met. 438. *Earle* v. *Bickford*, 6 Allen, 549.

Upon the facts stated in the bill of exceptions, we are of opinion that the defendant was a stakeholder and an agent for a particular purpose; that the money which made up the several pools was not received by him as his own, but to be held and paid out for others; and that if he could not pay it as was expected, because the race was not run, he had no other duty in relation to

it than to keep it safely for those who were entitled to it.   The ruling, that outside of the statute the action could not be maintained without a previous demand, was correct.

There is no occasion to consider the defendant's contention that the plaintiff's action is founded upon a violation of the St. of 1885, c. 342, and that he should therefore be precluded from recovering.   See *Cardoze* v. *Swift*, 113 Mass. 250.

*Exceptions overruled.*