## FERGUSON v. YUNT.

Under Comp. Laws, § 6602. providing that all trials of speed for reward are
    common nuisances, and that any person interested in any bet, stake or
    reward is guilty of a misdemeanor, an undertaking to indemnify a stake-
    holder against liability for the surrender of the stakes to one of the

parties to a bet on a horse race cannot be enforced against the principal by one of the sureties, who has paid the amount of the indemnity.

(Opinion filed April 3, 1900).

Appeal from circuit court, Minnehaha county. Hon. JOS-EPH W. JONES, Judge.

Action by W. I. Ferguson against S. S. Yunt to recover upon a bond. From a judgment for plaintiff, defendant appeals. Reversed.

*Robertson & Dougherty,* for appellant.

*J. Q. Adams,* for respondent.

CORSON, J.    This is an action upon a bond, a copy of which was annexed to the complaint as an exhibit, and made a part thereof, and which contains the following condition: "The condition of the above bond is that whereas, the said F. H. Bortle acted as stakeholder on a bet made on a horse race by said Stephen S. Yunt and Wm. Hull, and the said Wm. Hull has demanded of the said Bortle the payment to him of fifty (50) dollars, the amount of his bet; now, if the said Bortle shall pay to the said Stephen S. Yunt the full amount of said stake, to wit, one hundred dollars, we, the above bounden, agree to fully indemnify said Bortle for said amount, and for all costs to which he may be put by reason thereof." This bond was executed by the defendant, Yunt, as principal, and the plaintiff and one Magness as sureties. It is alleged in the complaint that Ferguson, the plaintiff, was compelled to pay the sum of $73.39 on account of said principal, and this action is brought to recover said sum. The defendant interposed a demurrer to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action. This demurrer was

overruled by the court, to which ruling the defendant excepted. An answer was filed, and, upon the case being called for trial, the defendant objected to the introduction of any evidence under the complaint, upon the ground stated in the demurrer. This objection was overruled, and the defendant excepted. Findings and judgment being in favor of the plaintiff, the defendant has appealed.

It is contended on the part of the appellant that it appears upon the face of the complaint, the bond constituting a part thereof, that the transaction for which the bond was given was illegal, being in violation of Section 6602, Comp. Laws, which reads as follows: "All racing or trial of speed between horses or animals for any bet, stake or reward, except such as is allowed by special laws is a common nuisance, and every person acting or aiding therein, or making or being interested in any such bet, stake or reward, is guilty of a misdemeanor; and in addition to the penalty prescribed therefor, he forfeits all title or interest in any animal used with his privity in such race or trial of speed, and in any sum of money or other property betted or staked upon the result thereof."

It is insisted on the part of the respondent that Bortle, as stakeholder, did not violate the statute, and that he had a right to require security upon paying over the money bet upon the race to the defendant, Yunt, and that Yunt was legally liable thereon, as was also Ferguson as surety. We cannot agree with counsel for respondent in this contention. It will be noticed that by the section of the statute referred to every person acting or aiding therein, as well as the parties making or being interested in any bet, stake, or reward, is declared to be guilty of a misdemeanor. In our view, the party who acts as stake-

holder must be regarded as acting or aiding in the acts forbidden by the statute. It will be further noticed that by this section it is provided that any sum of money or other property betted or staked upon the result of the race is forfeited. Bortle, therefore, in paying over the money to Yunt which had been bet upon the race, clearly acted in violation of the statute. Yunt had no legal right to the money, and Bortle had no legal right to require any indemnity for doing the illegal act of paying over the money. The whole transaction, therefore, was clearly in violation of the statute, and no right accrued thereunder to Bortle or to the plaintiff which he could enforce in the courts.

It is further insisted on the part of the respondent that that section was, in effect, repealed by Chapter 155, Sess. Laws 1893; but in this we think the respondent is in error. That act is entitled "An act to protect the breeders of trotting and pacing horses and fair associations in the State of South Dakota." The act seems to assume that it is lawful for any agricultural or other society, association, or persons to conduct races for the purpose of competition in speed, and to give a purse, prize, premium, stake, or sweepstake therefor; but it does not, in terms or in effect, repeal Section 6602, so far as the same prohibits betting on races. The evident object and purpose of Section 6602 are to prevent betting upon horse races, and hence it is the betting that is still prohibited; while the evident object and purpose of the provisions of Chapter 155 are to protect the owners of horses competing for any speed purse, prize, premium, stake or sweepstake offered by any agricultural or other society or association. In this country betting on horse races has generally been regarded as moral-

ly wrong and against public policy; tending, as it does, to encourage the spirit of gambling. In many of the states statutes have been enacted making such betting a criminal offense, and providing that all moneys bet upon such races may be recovered from the stakeholder, if demanded before the same is paid over to the party claiming to have won the same. Wilkinson v. Tousley, 16 Minn. 299 (Gil. 263); Meech v. Stoner, 19 N. Y. 27; Riddle v. Perry (Neb.), 27 N. W. 721; Deaver v. Bennett (Neb.),46 N. W. 162; Bernard v. Taylor (Or.), 18 L. R. A. 859, and note (s. c. 31 Pac. 968). And, when there are no statutes prohibiting betting it has been held to be an offense at common law, as construed in this country. Worthington v. Black, 13 Ind. 344; Sutphin v. Crozier, 32 N. J. Law. 462; Murdock v. Kilbourn, 6 Wis. 459; Davis v. Holbrook, 1 La. Ann. 176; West v. Holmes, 26 Vt. 530; Perkins v. Eaton, 3 N. H. 155; Clark v. Gibson, 12 N. H. 387. Under the common law of England, prior to the reign of Queen Victoria, betting on horse races was held legal, and the party was allowed to recover a bet in the courts of law in that country. The decisions of the later cases there were based upon the earlier decisions, and the courts in those later cases generally expressed a regret that the law had been so established. In 8 and 9 Vict., a statute was enacted providing that no suit should be maintained for the recovery of anything deposited to abide the event of any wager. Sutphin v. Crozer, *supra.* It seemed to be the aim of the lawmakers in this state to follow the provisions of the English statute, and to forfeit all money or property bet or staked on the result.

In Martin v. Hodge, 47 Ark, 378, 1 S. W. 694, it was held: ''The test to determine whether the plaintiff is entitled to recover in an action like this or not is his ability to establish his

case without any aid from the illegal transaction. If his claim or right to recover depends upon a transaction which is *malum in se*, or prohibited by legislative enactment, and that transaction must necessarily be proved to make out his case, there can be no recovery." In that case, which was an action to recover a span of horses which had been taken by the defendant on the claim that he had won them at a lottery which had been instituted by the plaintiff, the court held that Martin's possession of the horses in controversy at the time they were taken by Hodge was *prima facie* evidence of title, snd that any wrongful taking was not sufficient to shift upon him the burden of proving his title to the property and right of possession. If the possession of Martin and the wrongful taking by him were proven, and nothing more, he would be entitled to recover.

In the case at bar, however, the plaintiff cannot recover without producing evidence disclosing the illegal transaction. Eberman v. Reitzel, 1 Watts & S. 181; Phalen v. Clark, 19 Conn. 421; Armstrong v. Toler, 11 Wheat. 258, 6 L. Ed. 468. Whatever right of action he claims to have is based entirely upon the illegal transaction between Hull, Yunt and Bortle, of which he had full notice by the conditions of the bond. When therefore, the attention of the court was called to the nature of the transaction, it was its duty to dismiss the action. Courts do not lend their aid to parties engaged in transactions in violation of law, and betting and gambling contracts are uniformly held to be contrary to the policy of the law, and illegal. The judgment of the circuit court is reversed, and that court is directed to dismiss the action.