Plaintiff brought this action claiming damages for breach of contract. The case was tried to the court. The defendants had judgment and plaintiff appeals.
The defendant is a domestic corporation engaged in the business of holding state fairs. In 1923 it held a fair at Fargo, North Dakota. It advertised a horse race to be run at this fair and offered a substantial purse to the winner thereof. The plaintiff owned a race horse. In response to the advertised offer of the defendant he entered this horse to run in the race, paid the entrance fee, and took his horse to Fargo to contend. The defendant refused to have the race run although there were other entries than those of plaintiff, and tendered a return of the entrance fee. This plaintiff accepted. Plaintiff later brought this action claiming damages on account of the refusal on the part of defendant to have the race run. The defendant answering to the complaint of the plaintiff based on the facts as above set out, in effect, generally denied the allegations thereof and did not defend on the ground that the contract relied upon was contrary to express provision of law or contrary to the policy of express law. The cause was tried to the court. At the close of plaintiff's case the defendant moved for a dismissal of the action on divers grounds, one of which was that the transaction contemplated a horse race for prize money to be distributed to the winners and, therefore, was illegal and against public policy.
The trial court after making findings of fact held among other things "That the advertising of a horse race by the defendant for prize money and the advertisement being acted upon by the plaintiff by entering his horse under the rules and regulations promulgated by the defendant and the defendant accepting the entrance fee, can not be made the basis of a legal and enforceable contract or obligation for damages, nor the basis of a suit for damages under the law," and ordered judgment for the defendant.
Various contentions are made by the parties but we think that the question which is determinative of this appeal is raised under § 9688, Comp. Laws 1913, which reads as follows:
"All racing or trial of speed between horses or animals for any bet, stake or reward, except such as is allowed by special laws, is a common nuisance, and every person acting or aiding therein, or making or being interested in any such bet; stake or reward, is guilty of a misdemeanor; *Page 834 
and in addition to the penalty prescribed therefor, he forfeits all title or interest in any animal used with his privity in such race or trial of speed, and in any sum of money or other property betted or staked upon the result thereof."
With respect to this question, that of illegality under the statute above quoted, the plaintiff insists that it is not properly raised on the record for the reason that the defendant failed to plead illegality as a defense and, therefore, such defense is unavailable. We think, however, that the plaintiff cannot sustain this contention. It is true the rule is as plaintiff contends, that where the illegality of a contract upon which suit is brought does not appear upon the face of the complaint, it must be pleaded in order that a defendant may take advantage of that defense. See Frankel v. Hillier, 16 N.D. 387, 113 N.W. 1067, 15 Ann. Cas. 265; Douglas County State Bank v. Sutherland, 52 N.D. 617, 204 N.W. 683. Yet, where such illegality does appear upon the face of the complaint or the facts constituting such defense are shown by the record as made by the plaintiff, it may be taken advantage of even though not pleaded. See Douglas County State Bank v. Sutherland, and Frankel v. Hillier, supra; Ferguson v. Yunt, 13 S.D. 120, 82 N.W. 509; 13 C.J. 507. So if the proposed race was forbidden by this statute it was not necessary to plead the illegality of the transaction since it was disclosed not only by the evidence of the plaintiff, but also on the face of the complaint itself.
It is urged that the statute in question does not prohibit horse racing for a prize or purse, and that it bans only horse racing for bets, stakes, or wagers. The statute, however, speaks for itself contrary to the contention of the plaintiff. It does not confine its proscription to races for bets or stakes, but in addition expressly forbids races for rewards. Now a reward is "that which is offered or given for some service or attainment; a sum of money paid or taken for doing, or forbearing to do, some act." Webster's New Int. Dict. So it is impossible to say that a purse, or prize offered to the winner of a race is not a reward. See Harris v. White, 81 N.Y. 532; Bronson Agri. Breeders' Asso. v. Ramsdell, 24 Mich. 440.
Lastly the plaintiff contends that the statute, § 9688, supra, contemplates that special laws may be passed under which rewards, purses, or premiums may be offered for and given to the winners of horse *Page 835 
races. He insists that the action of the legislature in enacting the various statutes, pursuant to which the defendant corporation was organized, and by which appropriations were made for the state fair conducted by it at Fargo, all indicate a recognition on the part of the legislature of the propriety of offering rewards, purses, or premiums to the winners of horse races, and thus in effect amount to special laws within the contemplation of § 9688, supra. Now the defendant fair association was incorporated pursuant to the provisions of § 1849, Comp. Laws 1913, providing for the holding of a state fair at Fargo. This section of the statute among other things provides that the association may acquire title to lands near the city of Fargo and convey the same to the state of North Dakota "for the purpose of exhibiting thereon . . . the agricultural, stock breeding, horticultural, mining, mechanical, industrial, and other products and resources of the state of North Dakota, including proper exhibits of the arts, sciences and all other public displays pertinent to and dependent upon exhibitions and expositions of human art, industry and skill." Section 1857, Comp. Laws 1913 appropriates "out of any funds in the treasury of the state of North Dakota not otherwise appropriated the sum of $10,000 for premiums and $5,000 for maintenance, annually, to be expended . . . for premiums in the way of live stock, poultry and agricultural products for better farming interests. . . ." For later like appropriations see chapter 59, Session Laws 1919 and chapter 48, Session Laws 1923. Plaintiff argues that the legislature by thus appropriating money to be used in the giving of premiums to stimulate interest and effort in the production of live stock, poultry, and agricultural products must have known and intended that the defendant association would in furtherance of the purposes thus indicated offer purses to the winners of horse races. His argument is that such races are but tests of endurance and speed, qualities necessary in the best kind of horses, and that the offering of purses to be given to those participating in such contests furthers the evident purpose of the legislature. The difficulty with this argument, however, is that § 9688 expressly forbids the running of races for reward, and nowhere in any of the enactments relied upon is there any express exception to this interdiction. Nowhere are horse racing or trials of speed and endurance expressly mentioned. There is nothing at all inconsistent *Page 836 
between the prohibition of § 9688 and the legislative enactment providing for the erection of a state fair and appropriating money for premiums to be given to exhibitors thereat of live stock, poultry, or any other agricultural product. The case of Delier v. Plymouth County Agri. Soc. 57 Iowa, 481, 10 N.W. 872, cited by plaintiff to some extent sustains his argument. But in that case there was no express statutory prohibition of horse racing to be considered, and so the case is clearly distinguishable from the one at bar. We hold then that the proposed race was forbidden by the statute, § 9688, supra, and not within the exception of any special law. As sustaining this conclusion see Bronson Agri. Breeders' Asso. v. Ramsdell, supra.
Conceding then that the transaction resulted, as between the parties, in a contract as claimed by the plaintiff and that there was a breach thereof by the defendant in refusing to have the race run as advertised, nevertheless, the plaintiff was entitled to no relief at the hands of the court. There can be no question but that a contract to do an act forbidden by express provision of law or contrary to the policy of express law is illegal and unenforceable. Courts will not lend their aid to parties engaged in illegal transactions. In such a case the law will give no relief but will leave the parties where it finds them. See § 5922, Comp. Laws, 1913; Dows v. Glaspel, 4 N.D. 251, 60 N.W. 60; Oakes Nat. Bank v. Farmers State Bank, 52 N.D. 49, 201 N.W. 696, and cases cited; Smith v. Rennix, 52 N.D. 938, 204 N.W. 843; Jarski v. Farmers M. State Bank, 53 N.D. 470, 206 N.W. 773; Emanuel v. Engst, ante, 141.
The judgment of the district court was right and must be affirmed.
CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur. *Page 837