\* TUTTLE & REED *v.* NATHANIEL HOLLAND.

*Intoxicating Liquor.    Illegal Contract.    Agency.    Ratification.*
*Foreign Law.    Presumption.*

Where an order for intoxicating liquor is written in this state by a person residing here, and is sent by mail to a party at his place of business in another state, and the liquor is there delivered to a common carrier in the ordinary and usual course of business,

\* Tried February term, 1870.

and is thus transported to the person making the order, at his residence in this state, the sale cannot be held void as made in contravention of our statute prohibiting the sale of intoxicating liquor.

Mere knowledge alone that the liquor is to be sold here in violation of law will not vitiate the sale.

The fact that the order, purporting to be signed by the defendant in person, was made by the defendant's wife without his knowledge or authority, would not vary the legal effect of the transaction, where he did not repudiate the order on being apprised of it, but received and used the liquor and made partial payments therefor. This was a ratification.

In the absence of evidence as to the liquor laws of the foreign state, it cannot be presumed that sales of intoxicating liquor there are void.

THIS was an action to recover for a quantity of intoxicating liquor, and was referred to a referee, who reported substantially as follows:

In September, 1866, the plaintiffs formed a copartnership by the name of "Tuttle &.Reed" and carried on the business of selling intoxicating liquors at New Haven, in the State of Connecticut, and Reed, one of the plaintiffs, for years prior to that time had acted as traveling agent for Tyler & Frost, who were grocers and dealers in intoxicating liquors at New Haven aforesaid, and as such agent, solicited and took orders from the defendant, Holland, on Tyler & Frost for intoxicating liquors. The plaintiff, Reed, had often been at the defendant's tavern in Brattleboro, prior to the sale of the liquors for which this suit is brought, and knew that the defendant kept a hotel at Brattleboro, and kept an open bar there, where he sold intoxicating liquor by the glass. The defendant sold in violation of the laws of Vermont. The plaintiffs presented a copy of their accounts against the defendant, and no question was made but that the liquors charged were received by defendant, and that the prices charged were the usual and ordinary charges for such goods, and it was conceded that the two hundred dollars credited upon said account was the amount that the defendant had paid upon said account. The plaintiffs gave in evidence a written order purporting to be signed by the defendant, Nathaniel Holland, and directed to Mr. Reed, but the envelope covering said order was directed to Tuttle & Reed, New Haven, Connecticut, directing said Reed to send him two barrels of rum, two barrels of gin, and two barrels of whiskey, which said order was received by due course of mail, and the plaintiffs, on the strength of said order, on the 4th of October, 1866, shipped to the defendant at Brattleboro, Vermont, one barrel of rum, one barrel of gin, and one barrel of whiskey, by rail, delivering the same at the New Haven depot, which liquors were received by the defendant at the Brattleboro depot, and the freight of the same

was paid by the defendant. This liquor constituted the first item of the plaintiffs' account. The order for said liquors was not made by the defendant, but by the defendant's wife, without the knowledge or authority of the defendant; but the defendant upon the receipt of said liquors was then apprised that the same was ordered by his wife, and he did not repudiate the order, but ratified it by his subsequent use of the said liquor, and his subsequent payments made to the plaintiffs upon the account.

Afterwards, when said Reed was at the defendant's hotel in Brattleboro, the defendant ordered ten gallons of wine, which was sent by the plaintiff on the verbal order given to Reed at Brattleboro, and this constitutes one item of the plaintiffs' account

There was no evidence to show whether, by the laws of Connecticut, the plaintiffs were authorized to sell intoxicating liquors. The plaintiff, Reed, admitted that he had been informed that, by the laws of Vermont, the traffic in intoxicating liquors was illegal, but disclaimed having any personal knowledge of what the law was on the subject.

At the April term, 1869, BARRETT, J., presiding, the court having accepted the report of the referee and rendered judgment thereon for the defendant to recover his costs, the plaintiffs excepted.

*Clarke & Haskins*, for the plaintiffs.

*George Howe* and *Chas. N. Davenport*, for the defendant.

The opinion of the court was delivered by

PECK J. In this case we consider that, upon the facts reported, the contract for the liquors (except the wine,) must be regarded as having been made in the state of Connecticut. The defendant's order, upon which the liquors were forwarded, having been drawn at Brattleboro in this state, where the defendant resided, and forwarded by mail to the plaintiffs at their place of business, at New Haven, Connecticut, and the liquors delivered to the common carrier there in the ordinary and usual course of business, and thus transported to the defendant in this state, shows that the *situs* of the contract, for the purposes of the question involved, was in the state of Connecticut; and therefore the sale cannot be held void as made in contravention of our statute prohibiting the

sale of intoxicating liquors. The plaintiffs having done nothing, either in the mode of packing or forwarding the liquor, or otherwise, to aid the defendant in the evasion or in the violation of our law, except the sale of the liquor in Connecticut, and the delivery of it there to a common carrier to be forwarded in the common mode, the mere fact that they knew that the defendant intended to sell it in violation of our law does not render the contract void. The order upon which the liquor was forwarded purported to have been signed by the defendant in person, and there is nothing indicating that the plaintiffs had any reason to suppose otherwise. The fact that it was made by the defendant's wife, without the knowledge or authority of the defendant, does not vary the legal result of the transaction, as the defendant, upon the receipt of the liquor, was apprised that it was ordered by his wife, and did not repudiate the order, but ratified it by the receipt and use of the liquor and subsequent partial payment therefor. This implied ratification by the defendant, of the act of his wife in making and sending the order, made the act his own, and places the defendant in the same condition, as to the binding force of the contract, as if he had himself drawn and forwarded the order. When the act of the defendant's wife thus became his act, it became so with all its incidents, including the incidents of time and place, and has the same effect in determining the place of the contract as if the defendant had done the act himself. There is no ground therefore to claim that the acquiesence in, or ratification of, the act of the wife fixes the *situs* of the contract in this state. It is claimed that the sale is to be presumed void by the laws of Connecticut, in the absence of evidence as to the law of that state on the subject. But as such sales are valid at common law, it cannot be presumed that they are prohibited by statute in Connecticut without proof to that effect. As to the wine, that having been subsequently verbally ordered by the defendant in this state, there can be no recovery for it. The payments must be applied upon the legal portion of the account.

The judgment of the county court is reversed and judgment for the plaintiffs for the amount of the account, (except the bill for the wine,) deducting therefrom the amount of the payments.