SMITH, CLEARY & ENRIGHT v. LEDDY ET AL.

1. **Intoxicating Liquors**: JUDGMENT: COLLATERAL ATTACK. The term "liens," as employed in section 1550 of the Code, does not include the lien of a judgment, and if a judgment be rendered in favor of a party selling intoxicating liquors, it cannot be pleaded in another action that such judgment is void because the subject-matter of the action comes within the prohibition of the statute.

*Appeal from Dubuque Circuit Court.*

TUESDAY, DECEMBER 10.

THE petition states that the plaintiffs recovered in said court a judgment against James Mulligan, and caused an exe-

cution to issue therein, which was placed in the hands of the defendant Leddy, who at the time was sheriff of Dubuque county; that at the time said execution was placed in the hands of said Leddy, Mulligan was the owner of personal property in Dubuque county, out of which the execution aforesaid could have been satisfied; but that said Leddy, in violation of his duty, failed to levy thereon, to the damage of the plaintiffs.

The answer denied certain allegations of the petition, and in two counts special defenses were pleaded.

The second count stated that the plaintiffs' claim was founded upon the sale of intoxicating liquors sold contrary to and in violation of the statutes of Iowa for the suppression of intemperance, and that the judgment upon which the execution was issued was obtained against Mulligan for the value of intoxicating liquors sold him by said plaintiffs, who knew at the time that Mulligan purchased said liquors to be sold again contrary to law.

The third count stated that, after the recovery of said judgment, Mulligan had made an assignment for the benefit of his creditors, and that George Salot was the assignee. It was further stated that said Salot and Mulligan were interested in the subject-matter of the action, and that the judgment was obtained for intoxicating liquors sold Mulligan. The allegation in this respect, being the same as in the second count, it was asked that Salot and Mulligan be made parties defendant.

Salot and Mulligan also filed their petition of intervention, setting up the assignment, and, in substance, pleading the same defense in relation to intoxicating liquors as in the second count, and asked that the judgment be declared null and void.

To so much of the answer and petition of intervention as pleaded as a defense that the judgment was obtained for intoxicating liquors sold contrary to law the plaintiffs demurred on several grounds, among which were that such

defense should have been pleaded in the original action, and that the judgment is conclusive as to the question presented.

The demurrer was sustained, and the plaintiffs appeal.

*H. T. McNulty*, for appellants.

*Shiras, Van Duzee & Henderson*, for appellees.

SEEVERS, J.—The statute provides: "All payments or compensation for intoxicating liquor hereafter sold in violation of this act, whether such payments or compensation be in money, goods, land, labor, or anything else whatsoever, shall be held to have been received in violation of law, and against equity and good conscience, and to have been received upon a valid promise and agreement of the receiver, in consideration of the receipt thereof, to pay on demand to the person furnishing such consideration the amount of said money, or the just value of such goods, labor, or other thing. All sales, transfers, conveyances, mortgages, liens, attachments, pledges and securities of every kind, which, either in whole or in part, shall have been made for or on account of intoxicating liquors sold in violation of this act, shall be utterly null and void against all persons in all cases, and no rights of any kind shall be acquired thereby, and no action of any kind shall be maintained in any court in this State, for intoxicating liquors, or the value thereof, sold in any other State or country contrary to the laws of said State or country, or with intent to enable any person to violate any provision of this act; nor shall any action be maintained for the recovery or possession of any intoxicating liquor, or the value thereof, except in cases where persons owning or possessing such liquor, with lawful intent, may have been illegally deprived of the same." Code, § 1550.

1. INTOXICA-TING liquors: judgment: collateral attack.

It is insisted that under this statute this judgment is absolutely void for three reasons—*First*, because all payments made for intoxicating liquors sold contrary to law may be recovered back; *second*, because no action can be maintained

for intoxicating liquors or the value thereof sold contrary to law; and, *third*, because all securities of every kind given therefor are declared to be null and void.

As to the last reason we have to say that judgments are not mentioned as among the securities which are rendered void, and this fact has an important bearing on all the reasons assigned. The liens and securities mentioned in the statute are mostly those executed by the party.

If the intent had been to declare void all judgments, it would have been likely to have been so declared in express words. A judgment, when rendered in the Circuit or District Court, becomes a lien on real estate. The "liens" mentioned in the statute do not include such, because, if it should be so held, the result would be the lien would be void and the judgment in force. Again, "attachments" are declared to be void, but judgments not mentioned. This, to our mind, clearly indicates the intent of the General Assembly, which was to declare all liens or securities executed by the party, and including attachments, void. In other words, no action can be maintained, and all securities not reduced to judgments are void. It seems to us the statute has been carefully drawn, so as not to include judgments.

The fact that no action can be maintained does not render the judgment void; but this fact, and that attachments are declared void, implies that before judgment is the proper time for the defense now interposed to be presented. The court, on its own motion, cannot direct an issue to be formed and try the question whether the action is brought to recover the value of intoxicating liquors sold contrary to law; nor can it take judicial knowledge that such is the case. But the defense must be pleaded. Mulligan had his day in court. He kept his mouth shut when he had the opportunity to speak, and is estopped from now opening it. *Dalter v. Lane & Guye*, 13 Iowa, 538 (542); *Hackworth v. Zollars*, 30 Id., 433; *Dewey v. Peck*, 33 Id., 242.

If this be so as to Mulligan, for a much stronger reason

the sheriff cannot avail himself of such a defense, and the assignee, Salot, stands in the shoes of Mulligan.

The construction placed on the statute renders a review of the authorities cited unnecessary, as they are clearly inapplicable.

AFFIRMED.