## FRANK O. DAME & CO. *v.* JOHN W. FLINT.

*Intoxicating liquor. Place of sale. Delivery to express company. Assignment of receipt carries title to property.*

1.  The seller of intoxicating liquor may recover the purchase price in Vermont if the sale and delivery were in Massachusetts.

2.  Where intoxicating liquor is ordered by letter by a person in New Hampshire from a firm doing business in Boston, Mass., the sale is to be treated as made at the place where the goods are delivered.

3.  Nothing appearing as to the terms of payment, a delivery to an express company for transportation by the direction of the purchaser, is a delivery to the purchaser at the place where such delivery is made.

4.  Where the seller delivered the goods to the railroad company consigned to his own order at Windsor, Vt., and took duplicate receipts therefor from the company, which he immediately endorsed to bearer and deposited in the post-office addressed to the purchaser, who afterwards claimed and received the goods upon the same at Windsor, the depositing of the receipts in the post-office in Boston operated as a delivery of the goods there.

Book account for the purchase price of certain intoxicating liquor. Heard upon the report of an auditor at the December term, 1891, Taft, J., presiding. Judgment upon the report for the plaintiff. The defendant excepts. The facts appear in the opinion.

*J. C. Enright* and *J. J. Wilson,* for the defendant.

The sale was at Windsor. The duplicate receipt did not pass the title until the receipt of the goods. *State* v. *O'Neil,* 58 Vt. 140; *Dunn* v. *State,* 8 S. E. Rep. 806; *Well* v. *Golden,* 2 N. E. Rep. 235; *State* v. *Bowman,* 78 Iowa 519.

*William Batchelder,* for the plaintiff.

When the receipt was endorsed and deposited in the post-

office that passed the title to the goods. 1 Benj. Sales, ss. 571, 577; 2 Redf. Rys., 164, 165, note g, and cases cited; *Newcomb* v. *Railroad Co.*, 115 Mass. 230; *Bank* v. *Crocker*, 111 Mass. 163; Benj. Sales, ss. 44, 45, 46, 47, and cases cited, and s. 1044 note 26, and cases cited; *Tilden* v. *Minor*, 45 Vt. 196; *Davis et al* v. *Bradley & Co.*, 28 Vt., 118; *Dunn* v. *State*, 8 S. E. Rep. 806

The opinion of the court was delivered by

THOMPSON, J. The plaintiffs resided in Boston, Mass., and were there engaged in the wholesale liquor business, and the defendant resided in Cornish, N. H., during the time covered by their liquor transactions with each other. All the intoxicating liquor furnished the defendant by the plaintiffs for which they seek to recover, was sent him in response to his orders, received by them at their place of business in Boston. The defendant received and accepted all the intoxicating liquor thus sent him. He now seeks to avoid payment of the balance due for the same on the ground that the sale and delivery of the liquor were in this State, and that consequently the plaintiffs are barred from recovering therefor by R. L. s. 3801.

If the sale and delivery were in Massachusetts, the plaintiff is entitled to recover. *Tuttle* v. *Holland*, 43 Vt. 542.

The first shipment of liquor was from Boston by express, addressed to the defendant at Windsor, Vt., pursuant to his order. The delivery of this liquor to the carrier for the defendant was a delivery to him in Boston. *Tuttle* v. *Holland, supra;* 1 Benj. on Sales (4th Am. Ed. with Corbin's notes) s. 517.

The remainder of the liquor was shipped by the plaintiffs by the Railroad Co. from Boston to Windsor, Vt., consigned to themselves. At each shipment the freight agent of the Railroad Co., at Boston, delivered to them duplicate receipts for the liquor so shipped. The plaintiff each time endorsed the duplicate receipt with the words, "Deliver to the bearer," and signed this

Frank O. Dame & Co. *v.* John W. Flint.

endorsement with their firm name of Frank O. Dame & Co., and immediately sent it from Boston, by mail, to the defendant, who duly received the same, and obtained the liquor shipped on presentation of such duplicate receipts to the freight agent at Windsor station, who kept them as his vouchers.

The endorsement of the receipts by the plaintiffs and the depositing of them in the post-office at Boston, addressed to the defendant, operated in law to pass the title, and as a delivery of the goods to him in Boston, at the time the receipts were thus deposited in the post-office. *Davis* v. *Bradley*, 28 Vt. 118 ; *Tilden* v. *Minor*, 45 Vt. 196 ; *Joslyn* v. *Grand Trunk Ry. Co.*, 51 Vt. 92 ; *Bank* v. *Crocker*, 111 Mass. 163 ; *Nat'l Bank* v. *Dearborn*, 115 Mass. 219 ; *Newcomb* v. *Railroad*, 115 Mass. 230; 2 Redfield on Rail. (4th Ed.) 164 ; 1 Benj. on Sales (4th Am. Ed. Corbin's notes) ss. 571, 577 ; 2 Benj. on Sales (same Ed.) s. 1044 and note 26 ; *Lickbarrow* v. *Mason*, 1 Smith's Lead. Cases. (6th Am. Ed.) note by Hare & Wallace, pp. 1082, 1095 ; *Buffington* v. *Curtis*, 15 Mass. 528 ; Story on Sales, (4th Ed.) ss. 311, 311a. It is clear that it was the intention of the parties that this should pass the title and operate as a delivery of the property.

*Judgment affirmed.*