[No. 5300.   Decided April 19, 1905.]

WASHINGTON LIQUOR COMPANY, *Appellant,* v. LIZZIE SHAW, *Respondent.*[1]

SALES—VALIDITY—ACTION FOR PRICE—DEFENSES—GOODS SOLD FOR ILLEGAL PURPOSE. It is no defense to an action for the purchase price of liquor sold and delivered that the same was to be put to an illegal purpose by reselling it in a house of ill fame, and that the vendor had knowledge of such fact, where the vendor did not aid or participate in the illegal objects; since such sale of liquor does not amount to a felony or involve great moral turpitude.

Appeal from a judgment of the superior court for Spokane county, Richardson, J., entered February 16, 1904, in favor of the defendant, upon granting a nonsuit after a trial before the court and a jury, in an action for goods sold and delivered.   Reversed.

*T. D. Rockwell,* for appellant.

*Robertson, Miller & Rosenhaupt,* for respondent.

PER CURIAM.—This action was brought to recover the sum of $350 on account of wines and liquors sold by the plaintiff to defendant, at her special instance and request. The answer was a general denial, and an affirmative de-

[1]Reported in 80 Pac. 536.

fense that all the wines and liquors mentioned in the complaint were sold, by the plaintiff to the defendant, with full knowledge that the same were to be sold in a house of prostitution, conducted by the defendant, to the inmates and frequenters thereof, and that the contract of sale was against public policy and void. On the trial the plaintiff proved the sale of the goods and the nonpayment of the purchase price. The manager of the plaintiff corporation, who negotiated the sale, testified on cross-examination that he supposed the defendant was conducting a house of ill fame, and that the wines and liquors were to be resold therein. On this testimony the court below granted a nonsuit. From the judgment of nonsuit, this appeal is taken.

The question presented is this: Does knowledge, on the part of the vendor, that property which he sells will or may be used for an illegal purpose, bar an action to recover the purchase price? Under the great weight of authority, we think that it does not, unless the vendor aids or participates in the illegal purpose in some manner beyond the mere act of making the sale. Such is acknowledged to be the weight of authority in *Standard Furniture Co. v. Van Alstine,* 22 Wash. 670, 62 Pac. 145, 79 Am. St. 960, 51 L. R. A. 889, cited and relied on by the respondent; and the decision in that case was placed upon the ground that the vendor, under its conditional sale, retained the title and right of possession of the property used for illegal purposes, and, to that extent, aided and participated in the conduct of the illegal business in which the purchaser was engaged. The question here involved underwent an elaborate discussion in *Tracy v. Talmadge,* 14 N. Y. 173, 67 Am. Dec. 132, and *Hill v. Spear,* 50 N. H. 253, 9 Am. Rep. 205. Both courts, after a full review of all the cases, English and American, reached the conclusion that knowledge of the illegal purpose to which the

property was to be applied constituted no defense to an action for the purchase price. In *Anheuser-Busch Brewing Ass'n v. Mason*, 44 Minn. 318, 46 N. W. 558, 20 Am. St. 580, 9 L. R. A. 506, the facts and the conclusion of the court are thus stated:

"The agent who made the sales, upon whose testimony the defendant saw fit to rest her case, knew that she was engaged in the unlawful business of keeping a house of ill fame, and admits, also, that he supposed the beer would be used or sold in her place of business. Nothing further was shown which connected the plaintiff or its agent with any violation of the law. The burden was upon the defendant to show that an enforcement of the contract would be in violation of the settled policy of the state, or injurious to the morals of its people, and no court should declare a contract illegal on doubtful or uncertain grounds. And it may be difficult to distinguish between the cases in which the vendor, with knowledge of the vendee's unlawful purpose, does not become a confederate, and those wherein he aids and assists to an extent sufficient to vitiate the sale; but this difficulty is not apparent in the case at bar."

We are therefore of opinion that, where property is sold absolutely and unconditionally, mere knowledge on the part of the vendor that the property will thereafter be sold illegally, or applied to some illegal or immoral use, will not bar an action to recover the purchase price, unless it is a part of the contract of sale that the property shall be so sold or used, or unless the vendor aids or participates in the illegal objects otherwise than by the mere act of making the sale. Some of the cases hold that, if the unlawful use amounts to a felony, or other crime involving great moral turpitude, the rule is otherwise. That question is not now before us, and we express no opinion in regard to it.

For the reasons stated, the judgment of nonsuit is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.