(113 N. W. 1025.)

MAX FRANKEL, EUGENE REGENTHAL AND FRED W. DAMLER, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF FRANKEL, REGENTHAL AND DAMLER, v. GEORGE M. HILLIER AND AUGUST TOETTCHER, CO-PARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF GEORGE M. HILLIER.

Opinion filed Nov. 15, 1907.

**Intoxicating Liquors — Action for Price — Shipment from Out the State — Defenses.**

1. In an action by wholesale liquor dealers located in Minnesota to recover the purchase price of intoxicating liquors sold to persons residing in this state, the answer, in addition to a general denial, alleged that such sales were made in North Dakota, and therefore void under the provisions of section 7621, Rev. Codes 1899. *Held,* that such sales took place in Minnesota, the liquors having been deliv ered f. o. b. cars at St. Paul, pursuant to orders sent to plaintiffs at that place.

**Same — Illegality of Contract Must be Pleaded.**

2. Respondent sought to prove that such sales were made by plain- tiffs with intent to enable defendants to violate the prohibitory law of this state. *Held,* that he could not avail himself of such defense under the pleadings; that, in order to urge the illegality of a contract when such illegality does not appear either upon its face or in the plaintiff's evidence necessary to prove the same, the defendant must specifically allege such illegality. Neither the contract upon its face nor the plaintiff's evidence disclosed that such contract was illegal; hence it was error to direct a verdict on such ground.

**Same — Vendor's Knowledge of Intended Violation of Law.**

3. Under the provisions of section 9390, Rev. Codes 1905, mere knowledge by the vendor of intoxicating liquors lawfully sold in one state that the vendee intends to resell them in violation of the law of another state, is not sufficient to defeat an action brought in the latter state by the vendor against the vendee to recover the purchase price thereof. In order to defeat such action for the purchase price, it must appear that the vendor intended by such sale, in some manner, no matter how slight, to aid the vendee in his unlawful design to violate the laws of this state.

**Same.**

4. The fact that the contract of partnership between the defend-ants, if any existed, was for an illegal purpose, to-wit, the unlawful traffic in intoxicating liquors, is not sufficient to defeat a recovery by plaintiffs, in the absence of proof that they were connected in some way with such illegal contract.

**Proof of Partnership — Question for Jury.**

5. The question as to whether the defendants were co-partners as alleged in the complaint is a mixed question of law and fact, and under the evidence the court could not determine such question as a matter of law. The respondent furnished the building and lot upor which sucn illegal business was conducted under an agreement with his co-defendant that he should receive one-half of the net profits of the business. *Held,* under the evidence, that it was for the jury to say what the intention of the parties was; such intention, when ascertained, being largely controlling.

**Same — Evidence to Establish.**

6. Less proof is requisite to establish a partnership in actions against alleged partners than is necessary in actions between the parties themselves.

Appeal from District Court, Richland county; *Allen,* J.

Action by Max Frankel and others against George M. Hillier and others. Judgment for defendants, and plaintiffs appeal.

Reversed.

*McCumber, Forbes & Jones,* for appellants.

Illegality of contract must be alleged and proven. 1 Enc. Pl. & Pr. 844; 7 Waits Actions and Defenses, 70; Finley v. Quirk, 9 Minn. 194 (Gil. 179); Buchtel v. Evans, 2 Pac. 67; Jameson v. Coldwell, 31 Pac. 279; Lyts v. Keevey, 32 Pac. 534; Heffron v. Pollard, 15 Am. St. Rep. 771; 1 Chitty's Pleadings (16th Am. Ed.) 506; Bliss on Code Pleadings, 330; Miller v. Donovan, 83 Pac. 608; P. J. Bowlin L. Co. v. Brandenburg, 106 N. W. 497; Furst & B. Mfg. Co. v. Black, 12 N. E. 504.

Existence of partnership is a question for the jury. 22 Am. & Eng. Enc. 51; 15 Enc. Pl. & Pr. 948; Swofford B. D. G. Co. v. Cowgill, 96 N. W. 215; Sparling v. Smelter, 95 N. W. 571; Johnson v. Carter, 94 N. W. 850.

Illegality of partnership cannot be asserted as a defense by its members. Rev. Codes, section 5079; 17 Am. & Eng. Enc. Law (1st Ed.) 892; 22 Am. & Eng. Enc. Law, 75; Mellison v. Allen, 2 Pac. 97.

Right of recovery is not affected by the fact that buyer intended to sell them illegally. 17 Am. & Eng. Enc. Law, 310 and 312.

Where orders are taken in one state, sent to another for approval, and shipped in the latter f. o. b., the sale is in the state where so shipped. 11 Am. & Eng. Enc. Law (1st Ed.) 472, 17 Am. & Eng. Enc. Law, 300; Kling v. Fries, 33 Mich. 274; Boothke v. Philip Best Co., 33 Mich. 340; Webber v. Donnelly, 33 Mich. 468; 1 Benjamin on Sales, sections 327 and 329; Engs v. Priest, 21 N. W. 580; Wind v. Iler, 61 N. W. 1001; Bollinger v. Wilson, 79 N. W. 109; American Express Co. v. State of Iowa, 136 U. S. 131, 49 L. Ed. 417; Black on Intoxicating Liquors, sections 267, 268; P. J. Bowlin Liquor Co. v. Brandenburg, supra.

Presumption of legality is stronger than that of the identity of laws. 1 Jones on Evidence, section 84; 1 Elliott on Evidence, section 120; Ounes v. Dauchy, 82 N. Y. 443.

Illegality of contract not presumed. 7 Waits Actions and Defenses, 65; Bowlin L. Co. v. Brandenburg, supra; 13 Am. & Eng. Enc. Law, 1061; Mohr v. Miesen, 49 N. W. 862; Gross v. Scarr, 33 N. W. 223; Cavender v. Guild, 4 Cal. 250; Black on Intoxicating Liquors, section 266; 3 Waits Actions and Defenses, 642; Abbot's Trial Brief (2d Ed.) 341.

To establish defense, defendant must show liquors were sold with intent to enable defendants to violate laws of North Dakota. 17 Am. & Eng. Enc. Law, 306; Black on Intoxicating Liquors, section 250; Abbott's Trial Brief (2d Ed.) 450; 1 Elliott on Evidence, section 96; 22 Am. & Eng. Enc. Law, 1234; 22 Am. & Eng. Enc. Law, 1341; Bollinger v. Wilson, 79 N. W. 101; M. Levy & Son v. Stegemann, 104 N. W. 372; Kling v. Fries, 33 Mich. 274; Wind v. Iler, supra.

*Purcell & Divett,* for respondents.

To hold one liable as partner it must appear that he has justified some one in acting upon his representations. Lindley on Partnership (2d Ed.) 42 and 43; 38 Am. Dig. Columns, 591, 592.

He must have done so prior to any one acting thereon. Lindley, Star Paging, 43; Palmer v. Pinkham, 37 Me. 252.

When a transaction in violation of public policy becomes known to the court it will of its own motion refuse relief. Abbott's Pleadings, volume 2, 1649; Critchfield v. Paving Co., 51 N. E. 552; Sheldon v. Pruessner, 35 Pac. 201; Handy v. St. Paul Globe Co., 42· N. W. 872; Oscanyan v. Arms Co., 103 U. S. 261, 26 L. Ed. 539.

FISK, J. Appellants, who are wholesale liquor dealers at St. Paul, Minn., brought this action against respondent and one Hillier to recover the purchase price of certain intoxicating liquors sold and delivered by them to the defendants. Defendants answered separately; the defendant Hillier expressly admitting liability, while defendant Toetcher denied any connection with the purchase of such liquors either as a partner with his codefendant, as alleged, or otherwise, and alleged upon information and belief that the sales of such liquors were made in this state in violation of law, and hence that no action is maintainable for the purchase price thereof. Upon the trial of the action in the district court, a verdict was directed in respondent's favor, and from a judgment entered pursuant thereto this appeal is prosecuted. A statement of the case was duly settled, embracing 23 specifications of error, 14 of which are assigned in appellant's brief. The first 10 assignments relate to rulings of the trial court upon the admission of certain evidence tending to show prior sales of intoxicating liquor by these plaintiffs to defendant; appellant's contention being that such evidence was inadmissible under the pleadings, the specific point being that there was no sufficient allegation in the answer that the sales were made with intent to enable the defendant to violate the laws of this state by making illegal sales of such liquors therein in contravention of the provisions of chapter 65, section 9353, of the Penal Code of 1905, relating to prohibition or the unlawful dealing in intoxicating liquors. The respondent's answer contains an allegation as follows: "Defendant further alleges upon information and belief that the goods, wares and merchandise for the purchase price of which this action is brought consisted of intoxicating liquors, the sale of which is prohibited in the state of North Dakota, and that the sales thereof, set forth in the complaint, were made in the state of North Dakota, and that such sales are void under the provisions of section 762 of the Revised Codes of 1905 of this state, and that no action is maintainable thereon."

The reference to section 762 was no doubt intended for section 7621 of the Revised Codes of 1899, and was manifestly a mere clerical error which would not render the pleading bad is otherwise sufficient. It is, however, unnecessary for us to consider the sufficiency of the defense thus attempted to be pleaded, or the assignments of error from 1 to 10, inclusive, as the undisputed evidence shows that the sales of these liquors took place in the state of Minnesota, the order for the same having been sent to appellants at St. Paul for approval, and the liquors having been delivered to the consignees f. o. b. cars at that place. As this fact is not seriously controverted by respondent's counsel, we merely cite the case of P. J. Bowlin Liquor Co. v. Brandenburg, 130 Iowa, 220, 106 N. W. 497, a case very similar to the case at bar, wherein it was held: "It is shown, however, without dispute, that the order given by defendant was made upon the plaintiff, a dealer in Minnesota, from which place the goods were to be shipped into this state. It is also shown without dispute that the authority of the traveling agent or salesman went no further than to take and transmit such orders subject to the approval of his employers, and that such was the order sent in on behalf of the defendant. This was not a violation of the laws of Iowa, and the indebtedness thus contracted by the defendant is enforceable in our courts because the contract of sale is held to have been made in Minnesota, where it first became effective by the plaintiff's approval of defendant's order"—citing prior decisions of that court. We will therefore assume for the purposes of this case that the defense attempted to be pleaded has not been established.

Respondent, however, seeks to invoke the aid of section 9390, Rev. Codes 1905, being section 7621, Rev. Codes 1899, without the necessity of pleading facts bringing the case within its provisions. Among other things, this section provides that "all sales, transfers, conveyances, mortgages, liens, attachments, pledges and securities of every kind, which, either in whole or in part, shall have been made for or on account of intoxicating liquors sold in violation of this chapter, shall be utterly null and void against all persons in all cases, and no rights of any kind shall be acquired thereby, and no action of any kind shall be maintained in any court of this state for intoxicating liquors, or the value thereof, sold in any other state or country contrary to the laws of said state or country or with intent to enable any person to violate any provision of

this chapter." Respondent's counsel urge that, even though they have not pleaded in the answer facts showing that plaintiffs sold said liquors with intent to enable the purchasers thereof to violate the provisions of the prohibitory law of this state, still they had the right to rely upon such defense as a bar to any recovery, and they cite in support thereof Crichfield v. Paving Co., 174 Ill. 466, 51 N. E. 552, 42 L. R. A. 347; Sheldon v. Pruessner, 52 Kan. 579, 35 Pac. 201, 22 L. R. A. 709; Handy v. St. Paul Globe Pub. Co., 41 Minn. 188, 42 N. W. 872, 4 L. R. A. 466, 16 Am. St. Rep. 695; Oscanyen v. Arms Co., 103 U. S. 261, 26 L. Ed. 539. The first case cited was an action in assumpsit brought to recover compensation claimed to have been earned under an agreement which was attached to, the common counts in the declaration, and which upon its face disclosed its invalidity as being against public policy. The defendant pleaded the general issue. This contract was introduced in evidence at the trial, and in the Supreme Court it was urged that the question of the invalidity of the contract was not raised by the pleadings in the court below nor by objections to the introduction of evidence. In disposing of this contention the court very properly held as follows: "Where a contract is in terms contra bonos mores, it is not necessary for the defendant to plead the objections. A court will not proceed to judgment upon it even where both parties assent thereto. In such cases there can be no waiver. The defense is allowed, not for the sake of the parties, but for the sake of the law itself. 'The principle is indispensable to the purity of its administration. It will not enforce what it has forbidden and denounced. * * * Whenever the illegality appears, whether the evidence comes from one side or the other, its disclosure is fatal to the case. No consent of the defendant can neutralize its effect. A stipulation in the most solemn form to waive the objection would be tainted by the vice of the original contract and void for the same reason. Wherever the contamination reaches, it destroys. The principle to be extracted from all the cases is that the law will not lend its support to a claim founded on its violation.'" In Sheldon v. Pruessner, supra, the illegality of the contract appeared in the plaintiff's evidence. In Handy v. St. Paul Globe Pub. Co., the illegal contract was pleaded in the complaint and offered in evidence by the plaintiff at the trial. The illegality appeared on its face, and Gilfillan, C. J., in speaking for the court, and in answering plaintiff's contention that, not having

pleaded the illegality of the contract, the defendant could not assert it upon the trial, said: "It is sometimes necessary to plead the facts upon which the illegality of a contract or transaction depends, but it is never necessary to plead the law. When the facts appear either upon the pleadings or proofs, either party may insist upon the law applicable to such facts. In this case the plaintiff had under the pleadings to prove the contract under which he sued. If it be void on its face, he, not the defendant, showed its illegality." In Oscanyen v. Arms Co., the Supreme Court of the United States recognized the old rule, which is still in force in a few jurisdictions, to the effect that pleading the general issue or a general denial puts in issue the legality of the contract sued upon. This rule, however, as we will hereafter see, is contrary to the great weight of authority in this country at the present time.

Appellants' counsel in their brief call attention to numerous authorities which they claim hold that a defendant, in order to avail himself of facts not apparent on the face of the contract to establish its invalidity, must specially plead such facts. No doubt these authorities contain a sound statement of the general rule; but we think the rule has certain well-recognized exceptions. If the illegality appears from the contract itself or from the evidence necessary to prove it, the same may be taken advantage of without specially pleading such fact. We think the correct rule is announced in 9 Cyc. pp. 741, 742, as follows: "In many cases decided under American statutes requiring the fact constituting the cause of action or defense to be pleaded, it has been decided that evidence going to show the illegality of the contract in suit cannot be given under a general denial, or the general issue, if the contract is valid on its face, and the illegality does not appear from plaintiff's proof; but the defense must be specially pleaded and the facts going to show in what the illegality consists must be stated"—citing many authorities. We will refer to a few of such authorities. Mo., etc., Ry. Co. v. Bagley, 60 Kan. 424, 56 Pac. 759; Suit v. Woodhall, 116 Mass. 547; Finley v. Quirk, 9 Minn. 194 (Gil. 179), 86 Am. Dec. 93; Handy v. St. Paul Globe Pub. Co., 41 Minn. 188, 42 N. W. 872, 4 L. R. A. 466, 16 Am. St. Rep. 695; McDearmott v. Sedgwick, 140 Mo. 172, 39 S. W. 776; Fitzgerald v. Fitzgerald, 44 Neb. 463, 62 N. W. 899; Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, 24 Am. St. Rep. 454. See, also, Miller v. Donovan, 11 Idaho, 545, 83 Pac. 608; Jefferson v. Burnhans, 85 Fed. 949, 29 C. C. A. 481,

decided by the Circuit Court of Appeals of the Eighth Circuit; Smith et al. v. Leddy et al., 50 Iowa, 112. See, also, 1 Enc. Pl. & Pr. 844, and cases cited. In Suit v. Woodhall, Gray, C. J., said: "The present action is upon an account annexed for goods sold and delivered. The defendant was not entitled to avail himself of the defense that the contract of sale was illegal without clearly and precisely setting it up in his answer." In McDearmott v. Sedgwick the Supreme Court of Missouri said: "The question, then, is whether this defense is available under a general denial. It is held in Sprague v. Rooney, 104 Mo. 360, 16 S. W. 505, that the effect of a general denial is to deny the legality of the contract sought to be enforced, and under it evidence is admissible to prove that the real contract, which on its face is valid, is, in fact, intended to accomplish an immoral and illegal object. The rule declared in the Sprague Case, supra, seems to be in conflict with the weight of authority in this state, and the contrary doctrine was declared by the same judge in the subsequent case of St. L. A. & M. Ass'n v. Delano, 108 Mo. 220, 18 S. W. 1101. The learned judge there says: "There is nothing on the face of the petition herein which indicates any other than a valid contract between the plaintiff and defendants; and, when this is the case, the rule is that, if the contract is to be invalidated by reason of some extrinsic matter, such matter must be pleaded in order that it may be made issuable at the trial so that it may be considered on appeal.' * * * But, when the illegality does not appear from the contract itself or from the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter and must be pleaded in order to be available." In Jefferson v. Burnhans, supra, Judge Thayer, speaking for the Circuit Court of Appeals of this circuit, said: "Expressing the same idea in different form, it may be said that a defendant cannot take advantage of the fact that a contract which he has entered into is illegal without pleading such defense, except in those cases where the contract itself or the testimony offered to establish its existence or to support some other issue shows that it is illegal"—citing numerous cases. We are convinced that the rule as supported by the foregoing authorities is correct on principle. For a statement of the old rule that under the general issue or a general denial such defense may be shown, see 9 Cyc. p. 740, and cases cited.

Section 9390, Rev. Codes 1905, supra, was not enacted in the interest of vendees of intoxicating liquors who engage in the unlawful traffic sought to be prohibited, but was enacted in the interest of a sound public policy, for the purpose of more effectually insuring the strict enforcement of the law against the unlawful traffic aforesaid, and to this end the court, regardless of defendant's answer, will, whenever the facts as shown by the evidence warrant it, give effect to such statute by refusing to permit such actions to be maintained; but the defendant, in order to invoke the statute, must affirmatively plead such defense, except as above stated, where such facts are disclosed either upon the face of the contract itself or in the plaintiff's proof. Applying the foregoing rule to the facts herein, we are compelled to hold that the trial court erred in directing a verdict in defendant's favor. There was nothing showing the illegality of the contract upon its face, and there was no evidence introduced which would warrant the court as a matter of law in holding such contract illegal or in invoking the provisions of section 9390, aforesaid. The most that can be claimed for it is that plaintiffs, through their agent, Fowler, had knowledge that the defendants were engaged in the unlawful business of selling intoxicating liquors in this state. By the great weight of authority, this is not sufficient to bring the case within the terms of the statute above referred to. See 9 Cyc. pp. 571, 572, and cases cited, where the rule is stated thus: "In the United States, while some courts have followed the English rule, most of the courts have taken a different view, and have held that the mere knowledge of the seller of goods or services, or of the vendor or lessor of property, that the buyer intends an illegal use of them, is no defense to an action for the price or for rent." The authorities cited are too numerous to refer to in this opinion, but see Bowman Distilling Co. v. Nutt, 34 Kan. 729, 10 Pac. 163; Banchor v. Monsel, 47 Me. 58; Webber v. Donnelly, 33 Mich. 469; Hill v. Spear, 50 N. H. 253, 9 Am. Rep. 205; Tuttle v. Holland, 43 Vt. 542; Anheuser-Busch B. Ass'n v. Mason, 44 Minn. 318, 46 N. W. 558, 9 L. R. A. 506, 20 Am. St. Rep. 580. 17 Am. & Eng. Enc. Law (2d Ed.) p. 312, states the rule thus: "Although there are a few decisions which maintain a contrary doctrine, the decided weight of authority is to the effect that mere knowledge by the vendor of intoxicating liquors lawfully sold in one state that the vendee intends to use them in violation of the laws of another state

will not defeat an action brought in such other state by the vendor against the vendee for the purchase price. If, however, the vendor in any way, no matter how slight, aids the vendee in his unlawful design to violate the laws of the other state, such participation will prevent the vendor from maintaining an action to recover the purchase price. The courts are agreed on the invalidity of a sale when the contract contemplates a design on the part of the purchaser to resell contrary to the laws of the other state, and requires an act on the part of the seller in furtherance of the scheme. According to the weight of authority, however, to render the sale void and defeat a recovery for the price, it is necessary that there be some participation or interest of the seller in the act itself." See, also, note to the case of Graves v. Johnson, 15 L. R. A. (Mass.) 834; s. c., 32 Am. St. Rep. 446; also, Kohn et al. v. Melcher (C. C.) 10 L. R. A. 439, 43 Fed. 641; M. Levy & Son v. Stegemann, 104 N. W. (Iowa) 372; Whitlock v. Workman & Co., 15 Iowa, 351; Second Nat. Bank v. Curren, 36 Iowa, 555; Tegler & Co. v. Shipman, 33 Iowa, 194, 11 Am. Rep. 118.

One other point remains to be considered. It is respondent's contention that there was no proof showing that he was a partner with his codefendant in the unlawful business. This contention is based upon two theories: First, that the arrangement between these parties to the effect that respondent was to furnish the building and premises where the business was conducted, under an agreement that Hillier, his codefendant, should conduct the business and divide the profits, did not constitute a partnership; and second, that an agreement of partnership to engage in an unlawful business is void, and hence no partnership could, in fact, exist. We do not think there is any merit in the last contention. Plaintiff's rights are not affected by the illegality of the partnership agreement; they not being parties to the illegality. 17 Am. & Eng. Enc. Law (1st Ed.) pp. 92, 93 and cases cited; 22 Am. & Eng. Enc. Law (2d. Ed.) p. 75, and cases cited. The first proposition—that an arrangement by which one person furnishes property for the use of another under an agreement that such other person may use it, and the profits of its use to be divided, does not constitute a partnership—involves a more serious question. Section 5818, Rev. Codes 1905, defines a partnership to be the association of two or more persons for the purpose of carrying on business together and dividing its profits between them. Authorities may be found holding,

under a statute similar to the above, that one who receives a share of profits in lieu of rent for the use of property, real or personal, is not a partner with the person using such property. 22 Am. & Eng. Enc. Law, p. 36, and cases cited. It is said, however, that such persons will be deemed to be partners where such is their clear intent, as the use of the property as well as the property itself may be contributed as capital by a partner. Id., pp. 36, 37, and cases cited. "Since partnership depends upon the existence of an intention to be common owners of the profits of a business, it is obvious that it cannot be determined by the application of any arbitrary test. It is a mixed question of law and fact, and must be determined from a construction of the entire contract in the light of all the evidence." 22 Am. & Eng. Enc. Law, p. 30, and cases cited. The rule seems to be well settled that in actions against alleged partners less proof is requisite to establish the partnership than is necessary in actions between the parties themselves. 9 Enc. of Ev. 553, and numerous cases cited; 22 Am. & Eng. Enc. Law, p. 38. In McDonald v. Battle House Co., 67 Ala. 90, 42 Am. Rep. 99, it was held that although one may not have an interest in the capital or property employed in a particular business, yet, if he has an interest in the profits of such business as profits, this will constitute him a partner as to third persons. We quote from the opinion as follows "It is sometimes true that, contrary to their intention, persons may become partners as to third persons dealing with them, when they do not intend to form that relation. This occurs in that large class of cases when there may not be a community of interest in the property or capital employed in a particular business, yet one of those engaged in it has a special interest in the profits of the business as profits— a clear right of participation in the net profits. This by construction of law creates a partnership, for the reason, as said by De Grey, C. J., that 'every man who has a share of the profits of a trade ought also to bear his share in the loss; and, if any one takes part of the profits, he takes part of that fund on which the creditor of the trader relies for payment.' But a community of interest in the profits, the net profits, as such, is essential to a partnership. Community of interest is the basis of the relation." See generally upon this question the very able article on the subject of partnership in 22 Am. & Eng. Enc. Law; also, the elaborate note contained in 115 Am. St. Rep., commencing at page 400.

In the light of the foregoing rules and after a careful consideration of the evidence in this case, we are convinced that the question as to whether defendants were partners was properly a question for the jury to determine under instruction by the court as to the law, and that it was an error therefore to direct a verdict.

The judgment is accordingly reversed and a new trial ordered. All concur.