PAUL JONES & COMPANY *v.* T. B. WILKINS.*

(*Jackson.* April Term, 1916.)

1. INTOXICATING LIQUORS. Illegality. Right of action for price.

Mere knowledge on the part of a seller of intoxicants that the buyer intends illegally to resell the liquors will not render the contract void, so as to bar the seller's action for the purchase price, though if the seller participates in or contributes to the purchaser's intention to sell illegally, or does any act to facilitate or further the design to transgress the law, or has an interest therein, the right to recover the price is lost. (*Post,* p. 148.)

Cases cited and approved: Bank v. Burke, 185 S. W., 704; Tracy v. Talmadge, 14 N. Y., 173; Anheuser-Busch Brewing Assn. v. Mason, 44 Minn., 318; Washington Liquors Co. v. Shaw, 38 Wash., 398; Frankel v. Hillier, 16 N. D. 387.

2. INTOXICATING LIQUORS. Sale of intoxicating liquors. Recovery of price. Statute.

Where the seller of liquors knew through its local agent that the buyer was running a wide-open liquor saloon in violation of law, and made the shipment to a transfer company, not to the consignee, marked merely with his initials, so that the public would not know to whom it was to be delivered, such seller could not recover the price, having aided the buyer's design to transgress the law and circumvented the legislature's object in passing Acts (Ex. Sess.) 1913, chapter 1, requiring common carriers to cause all consignees of liquor to sign, before delivery, an affidavit setting out his name, etc. (*Post, pp.* 148-150.)

Acts cited and construed: Acts 1913, ch. 1.

Cases cited and approved: Kohn v. Melcher (C. C.), 43 Fed., 641; Feineman v. Sachs, 33 Kan., 621; Corbin v. Houlehan, 100 Me. 246; Gaylord v. Soragen, 32 Vt., 110.

---

*Authorities on the right to recover for price of liquor sold for illegal uses are gathered in a note in 15 L. R. A., 836.

FROM SHELBY

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— H. W. LAUGHLIN, Judge.

M. A. HALL and R. H. STICKLEY, for plaintiff.

A. J. CALHOUN, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This suit was commenced by Paul Jones & Co., a wholesale liquor concern of Louisville, Ky., to recover the sale price of thirty-five cases of whisky sold to Wilkins and shipped to Memphis. The defense was based on the ground that the liquor was sold to Wilkins in be by him retailed in Shelby county, in violation of the prohibition laws of this State in force in that city. The trial judge and the court of civil appeals have concurred in a denial of a remedy to plaintiff in the suit; and the cause is before us for review on a petition for *certiorari*.

The fundamental principles that must govern the controversy are those announced in the case of *Bank* v. *Burke,* 135 Tenn., 19, 185 S. W., 704, at this term of court. That case involved the legality of a contract of lease, but the opinion also discussed contracts of sale.

The general rule is that in case of the sale of intoxicating liquors mere knowledge on the part of the seller that the purchaser intends illegally to resell such liquors will not render the contract void so as to bar the seller's action for the purchase price. *Tracy* v. *Talmage*, 14 N. Y., 173, 67 Am. Dec., 132; *Anheuser-Busch Brewing Asso.* v. *Mason*, 44 Minn., 318, 46 N. W., 558 9 L. R. A. 506, 20 Am. St. Rep., 580; *Washington Liquors Co.* v. *Shaw*, 38 Wash., 398, 80 Pac., 536, 3 Ann. Cas., 153, and note; *Frankel* v. *Hillier*, 16 N. D., 387, 113 N. W., 1067, 15 Ann. Cas., 265 and note; 9 Cyc. 571.

However, if the seller participates or contributes to the intention of the purchaser to sell in violation of law, or does any act, however slight, to facilitate or in furtherance of the design to transgress, or has an interest therein, the right to recover for the price is lost. The participation in the illegal purpose or act must be in some manner other than the mere act of making the sale. Authorities, supra.

We are of opinion that the facts in this case show such a participation on the part of the plaintiff vendor as to bar him of any remedy. The plaintiff knew through its local solicitor in Memphis that Wilkins was running a "wide-open" retail liquor saloon; the solicitor had bought drinks for himself and others over the bar. The shipment represented by the account in suit was not made to Wilkins as consignee, but to the Lewis Transfer Company for delivery—so agreed in order that the public would not know to

Paul Jones & Co. v. Wilkins.

whom it was to be delivered. The cases were not marked with the name of T. B. Wilkins, but with the initials, "T. B. W."

The manager of the vendor company testifies that the shipment to the transfer company as consignee was for the purpose of insuring delivery to Wilkins. We fail to see how that end could have been more safely attained by the marking of the outside of the cases with mere initials, rather than with the name and street address of the purchaser, even though it was desirable thus to use the transfer company.

Where it appeared that the plaintiff, a wholesale liquor dealer, supplied a retailer in another State with intoxicating liquors, and aided the latter by shipping to a fictitious consignee part of the liquors, and by packing other portions so as to conceal their true character, it was held that his account could not be recovered. *Kohn* v. *Melcher* (C. C.), 43 Fed., 641, 10 L. R. A., 439; *Feineman* v. *Sachs*, 33 Kan., 621, 7 Pac., 222, 52 Am. St. Rep., 547; *Corbin* v. *Houlehan*, 100 Me., 246, 61 Atl., 131, 70 L. R. A., 568.

In *Gaylord* v. *Soragen*, 32 Vt., 110, 76 Am. Dec., 154, is was held that an action by the seller could not be maintained when, at the defendant's request, the plaintiff marked the packages in a peculiar way, omitting the defendant's name so as to enable the defendant with greater facility to save them from seizure.

Particular pertinency is given to these authorities by the fact that we have in this state a statute (Act

Extra Session 1913, chapter 1) that requires common carriers to cause all consignees of liquors to sign, before delivery of goods, an affidavit setting out his name, address, the fact of consignment to affiant, the use to be made of the liquors, etc. It is manifest that the manipulation resorted to by the plaintiff was to circumvent the object sought to be attained by the legislature in the passage of this act.

· A correct result has been reached in this case. Writ denied.