NAPOLEON FARMERS' ELEVATOR CO. OF NAPOLEON, NORTH DAKOTA, a Corporation, Plaintiff and Respondent, v. CHARLES I. DUNAHEY, A. V. Marcellus, and A. L. Garnes, Co-partners, Doing Business under the Firm Name and Style of Charles I. Dunahey, Defendants, and A. L. GARNES, Defendant and Appellant.

(182 N. W. 926.)

**Partnership — evidence insufficient to show defendants sued for merchandise sold were copartners.**

An action was brought against the defendants, on the theory that they were copartners, and, seeking to charge them as such, for merchandise alleged to have been sold them, to the amount of $1709.39. *Held*, that there is no evidence to show that defendants were copartners, or that they represented or held themselves out as such.

Opinion filed April 30, 1921.

Appeal from an órder of the District Court of Logan County, *F. J. Graham*, J.

Judgment and order reversed.

*Newton, Dullam, & Young*, for appellant.

Neither Garnes nor any other party to the contract, considered or intended there should be any partnership. The business was conducted by Dunahey as an individual. It had none of the earmarks of a partnership. Grigsby v. Dey (S. D.) 70 N. W. 884.

The participation of one in the profits of the business without having an interest in or right to control the business does not make him a partner. Something more is essential. Conklin v. Barton, 43 Barb. 435; Dutcher v. Buck (Mich.) 55 N. W. 676; Beecher v. Bush (Mich.) 7 N. W. 785.

It does not affect a question of partnership liability that the share of the profits promised for the use of money would make the loan usurious. Irwin v. Bidwell, 72 Pa. 244; Lord v. Proctor, 7 Phila. 630; Eastman v. Clark, 53 N. H. 276; Richardson v. Hughitt, 76 N. Y. 55, 32 Am. Rep. 267.

*A. B. Atkins* and *Cameron & Wattam*, for respondent.

The only intent of the parties that is immaterial is not the intent to

be or not to be "partners." It is the intent to do those things which constitute a partnership. 20 R. C. L. 833.

A contract may create a partnership although there is no mention in it of the word "partnership." Griffin v. Cooper, 50 Ill. App. 257; Powell v. Moore, 79 Ga. 524.

The use of the word "partnership" is not essential to the creating of that relation. Johnson. Bros. v. Carter, 120 Iowa, 355; Poundstone v. Hamburger, 139 Pa. 319; Beecher v. Bush, 45 Mich. 188.

If the contract in legal effect constitutes a partnership, the intention of the parties is not needed to be expressed in words. Frankel v. Hiller, 18 N. D. 381; Kelley v. Bourne, 15 Or. 476.

GRACE, J. This appeal is from an order denying a motion for judgment notwithstanding the verdict, or for a new trial, and from the judgment.

The action is brought against the defendants, on the theory that they are copartners, to recover the purchase price of certain goods, wares, and merchandise, claimed to have been sold by the plaintiff to them, of the alleged value of $1,709.39, which sales were made, between May, 1920, and the 1st day of September, 1920.

The defendant Dunahey interposed no answer and defaulted. The summons was not served upon Marcellus. Garnes answered by interposing a general denial. The case was tried to a court and jury, and a verdict for $1,758, which included costs, was returned in favor of plaintiff.

The facts are substantially as follows:

Dunahey, in August, 1919, entered into certain contracts to grade certain roads in Logan county, North Dakota, which were Federal Aid projects. After he commenced work, having insufficient money to finance himself, he applied to Garnes and Marcellus for a loan of money, to assist him in his finances. They loaned him a certain amount of money, taking his note as evidence thereof, which was afterward secured by chattel mortgage. The note was in the sum of $3,000 and bore interest at the rate of 10 per cent per annum.

Dunahey entered into three of these road construction contracts with the State Highway Commission of the state of North Dakota. Garnes and Marcellus also entered into a written agreement with Dunahey, which is as follows:

Exhibit "A"

Bismarck, No. Dak., Sept. 17, 1919.

THIS AGREEMENT, Made in triplicate and entered into this 17th day of September, A. D. 1919, by and between Charles I. Dunahey, party of the first part, and A. V. Marcellus and A. L. Garnes, parties of the second part,

WITNESSETH, That for One and no-100 dollars and other valuable consideration, the said party of the first part hereby agrees to pay to parties of the second part, according to the schedule hereinafter set forth, out of the net earnings under three contracts entered into between said party of the first part and the State Highway Commission for the state of North Dakota, and Logan county, North Dakota, being Contracts Nos. 2481.40A, 2481.40B and 2481.40C, as follows:

Party of the first part shall pay to the parties of the second part 10 per cent of the net earnings under said contracts if such earnings shall not exceed $10,000; $1,250 if the earnings under said contracts shall amount to and not exceed $12,500; and $2,000 if the earnings under said contracts shall aggregate $15,000 or over.

It is hereby agreed by and between the parties hereto that all moneys due party of the first part for such labor to be done shall in accordance with a certain order given to the State Highway Commission, bearing even date herewith, be paid to parties of the second part, and from such payments shall first be deducted any amounts due parties of the second part, and the balance paid to party of the first part. Provided, however, that at the completion of the contract to be performed by the party of the first, parties of the second part shall retain from the moneys due and payable, when paid, such amount as they shall properly be entitled to hereunder and in accordance with report of net earnings under the contracts with the State Highway Commission for the state of North Dakota, and Logan county, North Dakota.

Witnesses:            Chas. Dunahey,

     J. L. Bell.             Party of the first part.

     H. E. Hanson.           A. V. Marcellus.

                             A. L. Garnes.

                             Parties of the second part.

The sole question presented in this case is, whether or not Dunahey,

Garnes and Marcellus were copartners. Section 6386, C. L. 1913 defines a partnership thus:

"Partnership is the association of two or more persons for the purpose of carrying on business together and dividing its profits between them." Section 5388 provides, that a partnership can be formed only by consent of all parties thereto. Section 6412 provides: "Anyone permitting himself to be represented as a partner, general or special, is liable as such to third persons to whom such representation is communicated, who on the faith thereof give credit to the partnership."

Section 6413 provides: "No one is liable as a partner who is not such in fact, except as provided by the last section."

There is no evidence in the record to show that these parties were partners, associated in business as such, nor that Garnes or Marcellus had any right of control or direction of the business. There is no evidence showing that there was any intention or consent to form a partnership. There is no evidence that Garnes or Marcellus in any way represented themselves as having any interest in the business. No such representation was made to plaintiff, and it extended no credit to Dunahey on that theory.

The mere fact that the defendants were to receive the compensation specified in the contract, in addition to the rate of interest they were to receive for the loan of the money, would not, of itself, make them partners, even though that additional compensation was specified as a part of the profits of the business.

In the case of Meehan v. Valentine, 145 U. S. 611, 36 L. ed. 835, 12 Sup. Ct. Rep. 972, the Supreme Court of the United States in effect held, that the receiving a part of the profits of a commercial partnership as interest, in addition to interest as compensation for a loan, does not make the lender a partner. We think this is the correct rule. That rule applies in the case before us.

The case presented to us is scarcely different in principle than if Garnes and Marcellus, on loaning Dunahey $3,000, had taken his note for that amount, bearing 20 per cent interest, 10 per cent of which would approximately equal the lawful rate of interest, and the remainder equal to the anticipated profits, but all specified as interest in the note.

If the transaction had thus been conducted, could it be claimed that

by it the defendants would be liable as partners, simply because they had been allowed part of the profits as additional interest, over and above the regular, lawful rate of interest, for the loan of the money? We think it is clear they would not.

It is true that, as between the defendants and Dunahey, a note for an usurious rate of interest would be unenforceable for a greater amount than the face of the note, and that, if Dunahey had paid such usurious interest, he could recover twice the amount thereof, as provided by statute, etc.

It may be, if the defendants had brought an action against Dunahey to recover the profits specified in the contract, in addition to the amount of the note and lawful interest thereon, that they could not have succeeded, the contract being perhaps a cover for usury; upon this question we express no opinion, as it is not involved in the case, and is a question that can only be raised as between the defendants and Dunahey. The plaintiff may not raise the question.

If the contract would be partially unenforceable by the defendants against Dunahey, that does not concern plaintiff and it can derive no benefit from that situation.

The contract being silent as to any reference to a partnership, or intention to form one, we think it was reversible error on the part of the court to sustain the objection to the question asked of defendant Garnes as to whether or not it was his intention or purpose to form a partnership with Dunahey.

The court also erred in denying the motion at the close of the testimony for a directed verdict in defendants' favor; and further erred in not granting defendants' motion for judgment notwithstanding the verdict.

The evidence is wholly insufficient to sustain the verdict. In fact, there is no evidence to sustain it.

The judgment and order appealed from are reversed, and the case remanded to the trial court, and it is directed to enter an order dismissing the action.

The appellant is entitled to the statutory costs and disbursements on appeal.

ROBINSON, Ch. J., concurs.

CHRISTIANSON, J. (concurring specially). The sole question in this case is whether there is sufficient evidence to sustain a finding that the three defendants were copartners. In my opinion this question must be answered in the negative. The contract between Dunahey as party of the first part and Marcellus and Garnes as parties of the second part was one between lender and borrower. The moneys advanced by Marcellus and Garnes to Dunahey were advanced, not as capital of a partnership, but as a loan. The share of the profits to be received by Marcellus and Garnes was to be paid to them as compensation for loaning the money, and not as their share of the profits of a partnership in which they were members. Where a party is interested in the profits of an undertaking only as a means of compensation for services rendered, or for money advanced, he is not a partner. Richardson v. Hughitt, 76 N. Y. 55, 32 Am. Rep. 267; Eager v. Crawford, 76 N. Y. 97; Burnett v. Snyder, 76 N. Y. 344; Curry v. Fowler, 87 N. Y. 33, 41 Am. Rep. 343; Cassidy v. Hall, 97 N. Y. 159, 168; Davis v. Patrick, 122 U. S. 151, 30 L. ed. 1094, 7 Sup. Ct. Rep. 102; Beecher v. Bush, 45 Mich. 188, 40 Am. Rep. 465, 7 N. W. 785. In my opinion the evidence in this case clearly shows that there was no intention of the parties to form a partnership. There is no contention that the defendants Marcellus and Garnes ever held themselves out as partners of Dunahey. Nor is there any contention that the plaintiff extended credit to Dunahey on the strength of any belief on its part that Marcellus and Garnes were Dunahey's partners. I therefore agree that the judgment appealed from should be reversed and the action dismissed.

BIRDZELL, J., concurs.

BRONSON, J. (specially concurring). The sharing of profits is a test of partnership. Comp. Laws 1913, § 6386; Frankel v. Hiller, 16 N. D. 387, 113 N. W. 1067, 15 Ann. Cas. 265. It is not, however, a conclusive test. Profit sharing in a transaction as a means to compensate for the use of money may exist without rendering the lender liable as a partner. The test seems to be whether money advanced for profit sharing was made as a loan or as an investment in capital. Rowley,

Partn. § 80. If advanced in a venture as an investment in the capital a partnership is created. Frankel v. Hiller, 16 N. D. 387, 397, 113 N. W. 1067, 15 Ann. Cas. 265; Kirkwood v. Smith, 47 Misc. 301, 95 N. Y. Supp. 926. Such is the result although the parties treat and term the advance made as a loan. Wood v. Vallette, 7 Ohio St. 172; Poundstone v. Hamburger, 139 Pa. 319, 20 Atl. 1054. Again the fact that the profit sharing agreement for the use of money in a venture may render the contract usurious treated as a loan is not determinative in creating a partnership. Richardson v. Hughitt, 76 N. Y. 55, 32 Am. Rep. 267; Rowley, Partn. § 80.

In the case at bar the extrinsic facts concerning the written contract for profit sharing and the inferences to be drawn therefrom may be said to be fairly free from dispute. Upon this record they become questions of law for the court. T. R. Foley Co. v. McKinley, 114 Minn. 271, 274, 131 N. W. 316. I am of the opinion that the record discloses fairly that the advances made were loans and a partnership was not created. T. R. Foley Co. v. McKinley, supra; Wisotzkey v. Niagara F. Ins. Co. 112 App. Div. 599, 98 N. Y. Supp. 760; Meehan v. Valentine, 145 U. S. 611, 36 L. ed. 835, 12 Sup. Ct. Rep. 972; 30 Cyc. 373.

BIRDZELL, J., concurs.